CITY OF NEWTON *vs.* CHARLES DEVLIN & others.

Middlesex.    Jan. 9. — March 6, 1883.    FIELD & W. ALLEN, JJ., absent.

A contract was made by a city with several persons, by the terms of which the latter were to perform certain work for the city, and, in case of a breach on their part, the city had the right to order them to discontinue work, and to place such persons, and obtain by purchase or hire such animals, carts, implements and tools, as the city engineer might deem necessary, "by contract or otherwise," and to charge the expense thereof to the contractors. A breach took place, the contractors were notified to stop work, the city, intending to act in pursuance of the powers conferred upon it by the original contract, in good faith, and in the exercise of a reasonable discretion, made a new contract with one of the former contractors, in precisely the same terms as those contained in the first contract, he committed a breach of the new contract, and the city took possession of the work, hired men and implements, and completed the work. *Held*, in an action by the city against a surety on the bond of the first contractors, given for the faithful performance of their contract, that the defendant was not released from liability by the notice given to the original contractors to discontinue the work; and that the city had the right to act as it did after the breach of the first contract.

If a person contracts to do certain work for another, and commits a breach, and the other, as he has a right to do under the contract, finishes the work at the expense of the contractor, he is bound to keep an accurate account of the money expended; yet, if by accident a book containing the account is lost, so that the amount cannot be ascertained with exact precision, recovery may be had against a surety on the bond of the contractor for such amount as can be ascertained with reasonable certainty.

A city entered into a contract with certain persons to perform a public work. The contractors committed a breach of the contract, and the city, as it had a

right to do under the contract, completed the work. *Held*, in an action against a surety on a bond of the contractors, that the city had a right to charge him for services of men who took the place of men whom the contractors would have been obliged to employ, if they had gone on with the work, although the city had employed these men, as inspectors, before the breach. *Held, also,* that the surety was liable for sums paid in settlement of claims for injuries accidentally done to the property of third persons by the blasting of rocks, although no notice of such claims was given to the contractors. *Held, also,* that the surety was not liable for surgical assistance rendered to the workmen who were injured during the progress of the work, nor for sums which the city had paid, after the breach by the contractor, for the wages of workmen hired by the contractors, for services rendered by them before such breach.

COLBURN, J.  This is an action upon a bond.  The case was referred to an auditor, and comes before us upon the report of a single justice, at the hearing before whom the parties agreed that all the facts found by the auditor were true, though neither party agreed that all the rulings of the auditor, as to the construction of different parts of the contracts, or upon the facts found by him, were legal and correct.  The auditor's report states the whole case in detail, his findings on a great variety of questions, and the accounts, containing a great many items; but the questions upon which we are now called upon to pass can be understood by a statement of the general provisions of the contracts, and a particular statement of such parts of the contracts as raise these questions, and the findings and rulings of the auditor thereon.

The original contract was dated August 13, 1875, and was made between the city of Newton, by the water commissioners, of the first part, and Charles Devlin, Jacob M. Long and Edward A. Moore, of the second part.  The terms of the contract were, in substance, that Devlin, Long and Moore should furnish the labor and materials for hauling, distributing and laying the main pipes for the water-works of the city of Newton, at certain rates per cubic yard for excavation, and at certain rates per linear foot for laying each size and description of pipe, and at certain other rates for masonry, &c.; the work to be done under the direction, and in accordance with the plans, of the city engineer, and to be paid for upon monthly estimates made by him of the amount of work done, the city reserving fifteen per cent until the completion of the entire contract, the whole work to be completed by June 30, 1876.

In section A of the contract it is provided that "the said commissioners shall be and are hereby authorized to appoint, from time to time, such person, or persons, as they may deem proper, to inspect the materials to be furnished and the work to be done under this agreement, and to see that the same strictly correspond with the specifications hereinafter set forth."

Section J of the contract is as follows: "The said parties of the second part further agree, that if the work to be done under this agreement shall be abandoned, or if this contract shall be assigned by the parties of the second part, otherwise than as herein specified, or if at any time the engineer shall be of opinion, and shall so certify in writing to the water commissioners, that the said work, or any part thereof, is unnecessarily or unreasonably delayed, or that the said parties of the second part are wilfully violating any of the conditions or covenants of this contract, or are executing said contract in bad faith, the said commissioners shall have the power to notify the aforesaid parties of the second part to discontinue all work, or any part thereof, under this contract, and thereupon the said parties of the second part shall cease to continue said work, or such part thereof as said commissioners may designate; and said commissioners shall thereupon have the power to place such and so many persons, and obtain, by purchase or hire, such animals, carts, wagons, implements and tools as the engineer may deem necessary, by contract or otherwise, as said commissioners may deem advisable, to work at and be used to complete the work herein described, or such part thereof as the engineer may deem necessary, and to use such materials as they may find upon the line of said work, and to procure other materials for the completion of the same, and to charge the expense of said labor and materials, animals, carts, wagons, implements and tools to the parties of the second part, and the expense so charged shall be deducted and paid by the party of the first part out of such moneys as may be either due, or may at any time thereafter become due, to the said parties of the second part, and the expense so charged shall be deducted and paid by the party of the first part out of such moneys as may be either due, or may at any time thereafter become due, to the said parties of the second part, under and by virtue of this agreement, or any part thereof: and in

case such expense is less than the sum which would have been payable under this contract, if the same had been completed by said parties of the second part, then the said parties of the second part shall be entitled to receive the difference; and in case such expense shall exceed the last said sum, then the said parties of the second part shall pay the amount of such excess to the party of the first part, on notice from the said commissioners of the excess so due."

Section L is as follows: "And the said parties of the second part further agree that they will indemnify and save harmless the said city of Newton and the water commissioners thereof from all claims, demands, suits and actions, of every name and description, for or on account of any injuries or damages received or sustained by any party or parties in their persons or property by or from the said parties of the second part, their servants or agents, in the construction of said work, or by or in consequence of any negligence in guarding the same, or any improper materials used in its construction, or by or on account of any act or omission of the said parties of the second part, or their agents, and will at their own proper cost and expense defend any, and all such suits and actions; and will execute a bond in such sum and with such sureties as shall be approved by said commissioners, conditioned to indemnify and save said city and said commissioners harmless as aforesaid, and for the faithful performance of this contract by the parties of the second part; and the said parties of the second part hereby further agree that so much of the money due to them, under and by virtue of this agreement, as shall be considered necessary by the Newton water commissioners, may be retained by the said party of the first part until all such suits or claims for damages as aforesaid shall have been settled, and evidence to that effect furnished to the satisfaction of the said commissioners."

The bond upon which this action is brought is dated August 13, 1875, and was given pursuant to the provisions of said section L. It was executed by the contractors, and by William Baird and Michael Doherty, really, though not nominally, as their sureties, with the condition "that if the said Charles Devlin, Jacob M. Long and Edward A. Moore shall well and truly keep and perform all the terms and conditions of said contract,

on their part to be kept and performed, and shall indemnify and save harmless the said city of Newton and said water commissioners, as therein stipulated, then this obligation shall be of no effect," &c. Service of the writ was made upon Doherty alone, and he alone defends the action.

The contractors commenced work under the contract, in the fall of 1875, and on May 27, 1876, they were notified by the commissioners, pursuant to the provisions of section J, to discontinue all work under the contract, and they did no work after that date; and, on the same day, notice was duly mailed to the defendant Doherty of these proceedings, and that the board would proceed to complete the work, under the provisions of the contract, and hold him and Baird as sureties upon their bond.

On May 30, 1876, the plaintiff, by its water commissioners, entered into a contract with Charles Devlin, one of the original contractors, for the performance of the work remaining to be done, in precisely the same terms as the original contract, except that the time for completion was extended to September 20, 1876. Devlin entered upon the performance of the work, under this contract, and on June 15, 1876, he was notified to discontinue all work, pursuant to the provisions of section J of the contract, and thereafter the plaintiff, by its water commissioners, proceeded to complete the work stipulated to be done under the original contract, purchasing such materials and procuring such labor as was required, and paying for the same and for such other expenses as were necessarily incurred in performing the work.

The defendant Doherty contended that, as after the notice of May 27, 1876, the contractors could no longer go on and complete the contract, the contract was terminated by the notice, and that he was only liable on the bond for the damages sustained by the plaintiff from the breach of the contract by the contractors, to be determined in the ordinary way.

We are of opinion that the auditor was right in holding that the plaintiff was entitled, under the contract, both as against the contractors and their sureties, to avail itself of the provisions of section J, although it had notified the contractors to discontinue the work.

The defendant further contended, that, by entering into the contract with Devlin, the plaintiff elected not to proceed under

the provisions of section J, and as, under the second contract, the work was to be done upon precisely the same terms as under the first contract, the plaintiff sustained no damage from the breach of the first contract, except perhaps from some delay in the time of finishing the work, and that, upon the failure of Devlin under the second contract, the plaintiff had no right to proceed, as it did, to finish the work, and hold him as surety; but that, in finishing the work, the plaintiff must be treated as having proceeded under section J of the second contract, and must look to Devlin, under the second contract, for its damages. And that, at any rate, the plaintiff must show that Devlin could not respond to its claim for damages under the second contract.

We are of opinion that the auditor, having found that the commissioners, in making the new contract, intended to act in pursuance of the powers conferred on them by section J of the original contract, and that they made the same in good faith, and in the exercise of a reasonable discretion, as a method of procuring " by contract" the completion of the work, at the least possible cost and loss to the city and the contractors, rightly ruled that they were entitled to do so, and that, upon Devlin's failure under the new contract, they were entitled to proceed as they did, and hold the original contractors and their sureties responsible, under the original contract. If the commissioners had the right to procure everything necessary to complete the work by contract, by a fair construction, they had a right to contract for the completion of the work. If it was necessary for the plaintiffs to show that Devlin could not respond to its claim for damages, it sufficiently appears, by various facts found by the auditor, that want of money was the chief cause of failure, under both contracts, and that, *prima facie* at least, an attempt to recover damages against him alone would be useless.

It appeared that in one item of the account, which was a charge for labor in laying the main pipe, there was erroneously included a charge for labor in laying service pipe, with which the contractors had nothing to do, and that the plaintiffs had attempted to correct this error, by crediting what they considered was the amount paid for labor in laying the service pipe; but, owing to the loss of one of the time books kept upon the

works, it was impossible to determine with exact precision the amount which had been erroneously charged. The auditor was satisfied, upon the evidence, that he could determine a sum which could not exceed the amount paid for labor upon the main pipe, and allowed that sum. The defendant contended that, as the plaintiff was seeking to hold him to the letter of the contract, as surety, it was bound to keep the accounts with entire accuracy, so as to be able to show the exact amount with which he should be charged; and as it had so kept the account, and lost its books, that it could not do this, but must lose the entire item. But we are of opinion, that, though it was the duty of the plaintiff to keep exact accounts of the work, yet if by a mistake and accident some confusion had occurred, which the auditor was sure he could correct, without an overcharge to the defendant, he proceeded rightly.

It appeared that, while the contractors were carrying on the work, certain persons were appointed and paid by the city to superintend and inspect the work, under section A of the contract, and that after the city took charge of the work the same persons were employed, at the same rate of pay as before, and the amounts paid them charged to the defendants. The defendant Doherty contended that, as the city would have been obliged to pay these men if the contract had gone on, it should not be allowed to charge their pay to the defendants. The auditor found that these men were employed in much additional work, and in services of a different nature from those which they before rendered; that, in effect, they took the places of men whom the contractors would have been obliged to employ, if they had continued the work under the contract in a proper manner; and that the fact that the same men had been previously employed by the city, at the same rate of compensation, in different service, and for a different purpose, did not affect the liability of the defendants to pay their wages, under the provisions of the contract; and we find no error in his conclusion.

There were items representing eight small sums, in the aggregate ninety-five dollars and sixty-eight cents, paid for surgical attendance or transportation to the hospital, where workmen engaged in the employ of the city, in completing the

contract work, "were accidentally injured, by the blasting of rocks, or the excavating of the trenches, or similar casualties." The auditor found "that the sums so paid were such as common humanity requires to be paid, by any employer, in like cases, where physical injuries are received by his employees, by like accidents, in the course of the employment of a large number of workmen, and such as common prudence and a reasonable regard for economy and personal interest require an employer to pay, in order that he may procure, and retain to the best advantage to himself, the services and labor of proper workmen," and allowed these items as part of the reasonable expense of performing the contract work. Doherty contended that, "whatever were the considerations which induced the city to pay the sums in question, and however good and honorable might have been its motives in so doing, it was under no legal obligation to do so, and therefore it cannot make a third party pay for the expense of its performing charitable acts."

We are of opinion that the defendant Doherty, being liable only as surety, was entitled to stand upon his exact legal rights, and that these sums, though paid under a high moral obligation, were not paid under a legal one, and should not have been allowed.

There were certain items charged for sums paid, generally small amounts, for damages done to property, by the blasting of rock, in excavating the trenches. The auditor found, "that, in the execution of a work of the magnitude here involved, however carefully and skilfully the same may be directed and superintended, some such cases of damage to the property of others as here occurred are inevitable;" that the city exercised due care in the employment of men engaged in blasting; that these damages were inevitable; and that the sums paid in settlement were prudently and judiciously paid; and ruled that, as the execution of the work from which the damages resulted was imposed upon the city by their breach of contract, for that reason, as well as under the express provisions of section L, the contractors and their sureties were liable for the sums paid; and allowed these items, against the objection of the defendant.

We are of opinion that, under the facts found, these items were properly allowed, and that the city was not under obligation

to notify the defendant Doherty, as he contends, of every trifling demand for damages, and let him defend against it, if he saw fit, any more than they were under obligation to consult him as to every step it took in completing the work covered by the contract.

On June 15, 1876, Devlin, after he had been notified to discontinue work under his contract, executed an order, requesting the city to pay the wages of the men in his employ between June 1 and June 15, while he was engaged in the performance of his contract of May 30, for which said Devlin was directly liable to the men so employed, and which the city was under no obligation to pay. The city paid this order, and the sums so paid were included as items in the account. The city contended that this was part of the expense of completing the work after the breach of the first contract, and was a proper charge in this case. The defendant Doherty contended that, as under section J of the contract of May 30 the city had the right, upon his failure to perform his contract, to retain all sums due or to become due Devlin, and to apply the same to defray the expense incurred in completing the work, the city was bound as to him so to retain and apply the same, and that these items were not properly chargeable to him.

The auditor, against the objection of the city, disallowed the items, and we think rightly. The city, having undertaken to complete the work by entering into a contract with Devlin, was bound, in favor of a surety, at least, on the original contract, to avail itself of any advantage it had acquired, and not make at the expense of the surety a payment it was not legally bound to make.

The city objected to the disallowance by the auditor of other items in the account, but these objections have been waived.

Judgment is to be entered for the plaintiff for the penal sum named in the bond, execution to issue for the sum found due by the auditor, less the sum of ninety-five dollars and sixty-eight cents, with interest from the date of the writ.

*Judgment accordingly.*

*P. Thacher & R. M. Morse, Jr.,* for the plaintiff.
*J. G. Abbott,* for Doherty.