(June 15, 1917.)

## BOISE CITY, a Municipal Corporation, Respondent, v. NATIONAL SURETY COMPANY, a Corporation, Appellant.

### [165 Pac. 1131.]

SEWER CONSTRUCTION CONTRACT WITH CITY—BREACH OF CONTRACT—
COMPLETION OF CONTRACT BY CITY—MEASURE OF DAMAGES—SAL-
ARIES OF CITY OFFICIALS AS ITEM OF DAMAGE.

1. Where a party is damaged by breach of a construction con-
tract by the failure of the contractor to complete it, the measure of
damages is the cost necessarily and reasonably incurred in complet-
ing the contract, whether he does the work himself or employs others
to do it for him.

2. Where sewers have been constructed for a municipality and
accepted upon condition that the contractor would, upon notice, re-
pair or relay any portion of said sewer should the same prove to be
defective, and where thereafter a portion of the same is found to
be defective and notice thereof is duly given and the municipality
is compelled to repair and complete the system, it is entitled to re-
cover, upon the bond, all amounts necessarily expended upon the
portion of the work included in the notice, for materials, labor and
salaries of regularly employed officials actually engaged upon such
work.

3. *Held,* that the judgment in this case must be modified, so as
to include only such sums for cost of materials, labor and salaries
of regularly employed city officials, actually engaged upon the work,
as were devoted to the portion of the work included in the notice.

[As to validity of statute providing for recovery of attorneys'
fees in action for collection of special assessment, see note in **Ann.
Cas.** 1912A, 692.]

APPEAL from the District Court of the Third Judicial
District, for Ada County. Hon. Carl A. Davis, Judge.

Action upon a surety bond brought by Boise City against
the National Surety Company, as surety for the Reliance
Construction Company. Judgment for plaintiff. *Modified.*

V. P. Coffin, for Appellant.

The proper measure of damages to be applied to this case is the cost of making the repairs specified. But in making these repairs the city acted under the duty of doing the work at the reasonable cost thereof, and of using such facilities as it might have to do so as cheaply as possible. This duty rests upon the city under the general rule that a party injured by breach of contract is bound to use all reasonable means available to minimize damage. (8 R. C. L. 442.)

J. P. Pope and S. L. Tipton, for Respondent.

There is a line of cases which is quite analogous to this case. These cases involve the question as to whether a city can include in the cost of a public improvement the services of regular salaried employees as a part of the special assessment against the property in the district. (*Gibson v. City of Chicago,* 22 Ill. 566; *Cuming v. Grand Rapids,* 46 Mich. 150, 159, 9 N. W. 141; *Beniteau v. Detroit,* 41 Mich. 116, 1 N. W. 899.)

BUDGE, C. J.—The Reliance Construction Company, of Portland, Oregon, between May, 1912, and June, 1913, under contract with the respondent constructed a sewer system in Boise, which when completed was accepted conditionally by the city, the latter reserving the right, within a period of twelve months from date of the acceptance, upon ten days' notice to the contractor, to require certain portions of said sewer system to be relaid or repaired. The acceptance was contained in a resolution of the city council which required the company to give a bond in the sum of five thousand dollars for the faithful performance of the repairs. This bond was given, with appellant as surety. The condition of the bond, so far as material, is as follows:

"Whereas, the City Council of Boise City, Idaho, on the 31st day of May, 1913, adopted resolution No. 239 by which said sewer system was accepted conditionally to the effect that the contractor be required upon ten days' notice, within the

period of twelve months, to do such further work in the repairing of said sewer system, so as to make the same acceptable to the Council of said City.''

On November 19, 1913, there were transmitted to the Reliance Construction Company a copy of a resolution of the city council, requiring the city engineer to specify what was necessary to complete the system, and make it acceptable to the city; together with a letter from the engineer designating certain portions of the sewer as ''needing to be re-cemented.''

After this notice was duly given, the work specified in the letter was not done by the company to the satisfaction of the council, and the city performed the necessary work and brought this suit against the appellant upon the bond for reimbursement. A statement of the costs and expenses incurred by the city was in substance as follows:

''1. Material.................. ................\$  298.84
2. Labor account............................... 1,606.24
3. Salaries of salaried employees of the City during the time that they were engaged upon this work:

| | | |
|---|---|---|
| A. M. Ashline.................. | \$609.60 | |
| J. M. Hollister.................. | 85.35 | |
| Robert Stevenson.............. | 156.35 | |
| | \$851.30 | 851.30 |

Total...... .... ......................\$2,756.38''

The case was tried before the court without a jury, and upon its findings of fact and conclusions of law judgment was rendered for the respondent in the sum of \$1,536.25. From which judgment this appeal was taken. Appellant assigned the following errors:

''1. That the evidence relating to the item of \$1,606.24, for labor is insufficient to support and does not authorize a judgment against the appellant on account of said labor in excess of forty-five (45) per cent of said amount, or \$722.81.

''2. That the evidence relating to the item of \$851.30 for salaries of regular salaried employees of the City of Boise is

insufficient to support and does not authorize a judgment against the appellant on account thereof in any sum of money whatever.

"3. That the evidence is insufficient to support and does not authorize a judgment against the appellant in excess of the following, to-wit:

Material.................. .......... ........ .............$ 798.84
Labor........ ........... .......... .......... ....... 722.81

Total........ .......... ....... ...........$1,021.65"

The evidence shows that only forty-five per cent of the time and labor devoted to the work of completing the system was expended by the city upon the work specified in the notice contained in the letter from the city engineer to the Reliance Construction Company. This would reduce the labor account to the sum of $722.81. Appellant admits its liability for this amount, and for the amount specified for material, to wit: $298.84, but contends that the items totaling $851.30, included in the third subdivision of the statement above quoted and covering salaries of salaried employees of the city during the time they were engaged upon the work, was improperly included in the expenses incurred by the city in making the repairs, and seeks to defeat the recovery of these items under the rule "that a party injured by breach of contract is bound to use all reasonable means available to minimize the damage." Appellant says in its brief:

"Recognizing this rule, the city employed upon this work three of its regular salaried employees, and thus materially reduced the cost to it of making the repairs. We believe that this reduction in the cost to the city of doing this work should lawfully inure to the benefit of the appellant, and that therefore the salaries of these employees during the time they were engaged upon the work is not a lawful charge against appellant."

With this position we are not in accord, the theory upon which sums expended in an effort to minimize or mitigate damages are recoverable is, that they are expended for the benefit of and in the interest of the party causing the dam-

age. It is immaterial whether a party damaged by a breach of contract completes the work himself or employs others to complete it for him. The measure of his damages is the reasonable cost incurred in completing the work contracted to be done, according to the terms and provisions of the contract. And in this case the measure of damages would be the same whether the work was done by the employees of the city or by some third party under its direction. (*Newton v. Devlin*, 134 Mass. 490; *George A. Fuller Co. v. Doyle*, 87 Fed. 687–693; *Owen v. Giles*, 157 Fed. 825, 85 C. C. A. 189.)

The use by the city of regularly salaried employees in completing this work and making the necessary repairs, so far as the same were included within the notice, may be likened to the situation of a party who does the necessary work in mitigation of damage himself rather than employ others to do it for him. There is no rule of law which requires one to do another's work for a less wage than would be required to employ someone else to do the same work in a like manner, The charge for salaries of these regular employees of the city was properly included as an item of expense. But as has already been noted, according to the testimony on behalf of respondent, only forty-five per cent of the time was devoted to the work specified in the notice. Upon this basis respondent would only be entitled to include in this item forty-five per cent of the salary item, or $382,09. The sums, then, for which respondent was entitled to judgment are as follows:

1. Material........ ............. ................$ 298.84
2. Labor account........ ..·..... ...... ..........  722.81
3. Salary account...... ........ ..... ..........  383.09

Total......... ........ ........ .....$1,404.74

It is impossible to determine from the record or from the findings upon what theory the trial court arrived at the sum of $1,536.25, for which judgment was rendered; the findings are not specific. The findings and judgment should be modified in accordance with the views herein expressed, and it is so ordered. Costs awarded to appellant.

Morgan and Rice, JJ., concur.