### TOWN OF MONTICELLO v. COHN & KUHN.

1. MUNICIPAL CORPORATION: *Ultra vires. When no defense to action by.*

   In an action by a municipal corporation upon a bond executed by the obligor for a privilege awarded him, he cannot, after enjoying the benefits of the privilege, plead the want of corporate power to make the contract.

2. SURETIES: *Notice to obligor to sue. Release.*

   The sureties upon the bond of an officer for the payment of money only, without condition for the performance of the duties of an office, or of a trust, or of any other covenants, will be exonerated from liability on it if the obligee fails to sue the principal within thirty days after notice from them to do so, as provided in *section* 6398, *Mansfield's Digest.*

APPEAL from *Drew* Circuit Court.
Hon. J. M. BRADLEY, Judge.

*C. D. Wood,* for appellant.

The bond was for more than simply a covenant to pay money. It comes clearly within *sec. 6400, Mansf. Dig.*

Town of Monticello v. Cohn & Kuhn.

Appellees are estopped from denying the validity of the ordinance under which their principal had enjoyed the full benefit of his contract. *Helena v. Turner, 36 Ark., 582; Parsons on Cont., Vol. 2, p. 3; Bigelow on Estoppel, 327, 384, 446, 467; Dillon on Mun. Corp., 435, and note.*

*Wells & Williamson,* for appellees.

The ordinance was void, being one to raise revenue. *34 Ark., 603; 30 ib., 435; 33 ib., 497.*

This was a bond for the payment of money simply, and the sureties were exonerated under *secs. 6398–9, Mansf. Dig.; 6 Ark., 123.*

SMITH, J. The incorporated town of Monticello sued Moss and his sureties before a justice of the peace to recover a balance of $83.33 due on the following bond :

We, J. R. Moss, as principal, and John Hussey & Co. and Cohn & Kuhn, as his securities, are indebted to the corporation of Monticello in the sum of five hundred dollars lawful money, conditioned· that J. R. Moss has this day been awarded the privilege of public weigher for the town of Monticello for the year ending June 1, 1884, at the sum cf two hundred and fifty dollars, payable as stipulated in his contract of this date with said corporation. Now, if the said J. R. Moss shall well and truly pay the said sum of two hundred and fifty dollars as stipulated in his contract, or cause the same to be paid, then this bond to be void, otherwise in force and effect.

Witness our hands and seals this, the 15th day of August, A. D., 1883.

> J. R. Moss, [Seal.]
> JOHN HUSSEY & Co., [Seal.]
> COHN & KUHN, [Seal.]

1. MUNICIPAL CORPORATION

*Ultra vires,* no defense to executed contract.

The complaint alleged that the town had by ordinance provided cotton scales, and had by contract awarded to Moss the exclusive privilege of weighing cotton thereon during the cotton season of 1883–4, for the consideration of $250, to secure the payment whereof the bond was executed, etc.

The sureties pleaded that the ordinance and contract—which are the authority and consideration for the bond—were null and void for want of corporate power; and, secondly, that after the accrual of the cause of action herein, they had in writing notified and requested the plaintiff to proceed against the principal in the bond, and that no action had been brought within thirty days after the service of such notice, whereby they were exonerated.

The plaintiff recovered before the justice of the peace against all of the defendants, but in the circuit court on appeal, only against Moss.

The answer of the sureties was adjudged to be sufficient on demurrer, and the plaintiff elected to rest its case upon the demurrer.

We need not pause to inquire whether a municipal corporation is authorized by *sec. 751 of Mansf. Dig.* to do what the plaintiff has here undertaken to do. See *Taylor, Cleveland & Co. v. Pine Bluff, 34 Ark., 603.* For suppose it has no such power, yet its contract with Moss was executed; nothing remained to be done except for him to pay the last installment of the price he had agreed to pay for the privilege; he had reaped all the benefits he had proposed to himself in making the contract, and the doctrine of *ultra vires* has no just application. *National Bank v. Matthews, 98 U. S., 621; Parish v. Wheeler, 22 N. Y., 494; Whitney Arms Co. v. Barlow, 63; ib., 62; Pook v. Lafayette Building Association, 71 Ind., 357; Weber v. Agricultural Society, 44 Iowa, 239.*

Town of Monticello v. Cohn & Kuhn.

*Helena v. Turner, 36 Ark., 577,* furnishes an illustration of the principle. In that case a city had assumed to let public grounds for private uses. And it was held that the lessee and his sureties could not, after full enjoyment of the lease, deny the right of the corporation to make it.

The second defense arises upon a statute to be found in *Mansf. Dig.*

2. SURETIES Released by neglect of obligee to sue.

*Sec. 6398.* Any person bound as surety for another in any bond, bill or note, for the payment of money or the delivery of property, may, at any time after action hath accrued thereon, by notice in writing, require the person having such right of action forthwith to commence suit against the principal debtor and other party liable.

*Sec. 6399.* If such suit be not commenced within thirty days after the service of such notice, and proceeded in with due diligence in the ordinary course of law to judgment and execution, such surety shall be exonerated from liability to the person notified.

*Sec. 6400.* The two preceding sections shall not extend, first, to the bond of any executor, administrator, guardian, or other person given to secure the performance of his trust or the duties of his office; nor, second, to any bond with collateral conditions, except bonds with collateral conditions exclusively for the payment of money or the delivery of property, or exclusively for the performance of a convenant or agreement for the payment of money or delivery of property.

This is a bond single for the payment of money, and is not conditioned for the performance of the duties of an office, or of a trust, nor for the performance of any other covenants. As the second plea presents a perfect bar to the action, the judgment must be affirmed.