## Weightman *v.* Union Trust Company, Appellant.

| 208  | 449 |
|------|-----|
| d214 | 162 |

*Bond—Building contract—Scope of bond—Damages.*

Where an owner of land enters into an agreement in writing to erect certain buildings and make certain street improvements on the land, in consideration of a loan of money to be secured by a mortgage on the land, and the owner gives to the mortgagee a bond with a trust company as surety by which the latter agrees to hold the mortgagee harmless on account of any deficiency in his mortgage security resulting from failure by the owner to complete the contract, the trust company cannot be held liable in damages on its bond, by reason of the failure of the owner to complete certain street improvements, where there is no evidence to show that the mortgagee suffered any actual loss or damage from the failure of the owner to complete the work. The mere fact that the mortgagee bought in the property at sheriff's sale for a sum less than the amount of the mortgage debt is not conclusive evidence of loss.

In the above case the distinction between the two agreements is simply that between an affirmative covenant for a specific thing, and one of indemnity against damage by reason of the nonperformance of the thing specified. The object of both agreements may have been substantially the same, in that both were intended to save the plaintiff from loss, but the legal effect of the two agreements is essentially different.

Argued Jan. 18, 1904. Appeal, No. 107, Jan. T., 1903, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1902, No. 3441, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William Weightman *v.* Union Trust Company. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Thomas Raeburn White* and *Page & Page*, for appellants.— The defendant's contract was an agreement to indemnify the

plaintiff, as mortgagee, for loss occasioned by any deficiency in his security, if caused by Steelman's failure in certain particulars to complete his contract : Wheeler v. Equitable Trust Co., 206 Pa. 428.

The plaintiff's statement is defective in that it does not aver that the security was deficient in value, and that such deficiency was caused by Steelman's default : Wheeler v. Equitable Trust Co., 206 Pa. 428.

*J. C. Stillwell,* for appellee.—The defendant, having received plaintiff's money to be used in making the street improvements, is liable for the value of those not made.

OPINION BY MR. JUSTICE POTTER, March 21, 1904 :

Our consideration of the affidavit of defense filed in this case has led us to a different conclusion from that reached by the learned judge of the court of common pleas.

The plaintiff, William Weightman, agreed to lend a large sum of money to one Walter E. Steelman, and to take as security a mortgage upon certain lots of ground, upon which Steelman agreed to erect certain buildings and to make certain street improvements.   For his further protection, Weightman procured a bond from the defendant, the Union Trust Company, by which it agreed to hold him harmless against loss on account of any deficiency in his mortgage security resulting from failure by Steelman to complete his contract in certain particulars.   The condition of the bond is expressed as follows : " If the said, the Union Trust Company, its successors or assigns, shall well and sufficiently save, defend, keep harmless and indemnify the said William Weightman, his heirs, executors, administrators and assigns (being the holder of said mortgage for \$172,800) of and from all loss, costs, damages and expenses occasioned by said failure or omissions on the part of the said Walter E. Steelman, or his heirs, executors, administrators or assigns, to keep, observe and perform any one or more of the said covenants, promises and agreements contained in 'section second' 'section fourth' and 'section seventh' of the said agreement, or either or any thereof, then this obligation to be void."

It is alleged that Steelman failed to do certain street paving,

and did not construct a sewer, as required by the provisions of section second of the agreement between himself and the plaintiff.

It is very clear, however, that the undertaking of the defendant, as shown by the wording of the bond, was not that it would do the particular things in question which Steelman had bound himself to do.  The obligation of the defendant is limited to an agreement to save the plaintiff harmless from all loss, costs, damages and expenses occasioned by the failure of Steelman to carry out his contract.  Steelman did bind himself by an affirmative covenant to do certain specific things ; that is, to build a number of houses and finish them completely, and provide sewerage and street paving.  The defendant, on the other hand, under the terms of its bond, did not agree to do those specific things, but it did bind itself to hold the plaintiff harmless from loss as a holder of a mortgage, if the specific things which Steelman agreed to do were not done, and loss or damage resulted to the plaintiff in consequence.

The distinction between the two agreements is simply that between an affirmative covenant for a specific thing, and one of indemnity against damage by reason of the nonperformance of the thing specified.  The object of both agreements may have been substantially the same, in that both were intended to save the plaintiff from loss, but the legal effect of the two agreements is essentially different.

The defendant is bound to the extent and in the manner set forth in its obligation, and its liability is not to be extended beyond the express terms of its agreement.  We cannot read into the terms of the contract anything more than an agreement to indemnify the plaintiff against any loss which may occur from the failure of Steelman to perform his contract.  If the contract was one of indemnity, the well established doctrine is that actual loss must be shown to entitle the plaintiff to recover.

In the present case, as a prerequisite to recovery, the plaintiff must show loss to himself as mortgagee, by reason of the failure of Steelman to complete the building operation.  If he shows no loss to himself as lender under the mortgage, there is no breach of the condition of the bond, and, consequently, no right to recover.

It is suggested in the argument that the mere fact that the plaintiff bought in the property at sheriff's sale for a sum less than the amount of the mortgage debt, is conclusive evidence of loss for which he can recover to the extent of the value of the work which Steelman failed to do under his contract. It is true that where land is purchased by the mortgagee for a sum less than the amount of the mortgage debt, it can only be deemed, as between the parties to the loan transaction, a satisfaction or payment of the debt pro tanto. But the liability in this case to pay the debt was no part of the burden assumed by the defendant company, but was that of Steelman. The defendant company cannot be held liable beyond the words of its contract; and by them we are brought back to the unmistakable fact that it was only bound to make good to the plaintiff any difference between the value of the mortgaged premises and the amount of the plaintiff's debt and expenses, provided that difference was caused by Steelman's default in completing his contract.

We do not find any averment in the statement of claim, by the plaintiff, that the premises were of less value than the amount of the mortgage debt with costs and expenses. Nor does he allege that the failure of Steelman to pave the street and build the sewer reduced the value of the premises below the amount of his mortgage with costs and expenses. He contents himself with an averment that as a result of the omissions by Steelman, the value of the property was less by the amount which the work would have cost, than it would have been had the work been all completed in accordance with the contract. This may be admitted, but it is not sufficient to justify a recovery. For notwithstanding that fact, the property may have been worth sufficient to pay and discharge the amount of the mortgage debt, with interest and costs.

Our conclusion is, that in order to recover in this case, actual loss within the terms of the bond must be shown, and further, it must appear that the loss was due to the failure to complete by Steelman, in accordance with the contract.

This view is in entire accord with the recent case of Wheeler v. Equitable Trust Co., 206 Pa. 428. Our Brother DEAN there said : " As preliminary to a recovery . . . . plaintiff must show that she has not been indemnified and saved harmless on her

collateral mortgage; that defendant has failed in that partic-ular, then she can go further and show that the failure to complete the building caused or tended to cause, the loss."

The assignments of error are sustained and the judgment is reversed, and the record is remitted with directions to dis-charge the rule.