# Equitable Trust Company *v.* National Surety Company, Appellant.

*Bond—Conditions—Covenants—Breach—Indemnity—Guaranty.*

A bond may have two separate and distinct conditions and upon a breach of one condition an action will lie.

Where a bond is conditioned not only as an indemnity against loss but as a covenant to complete a building operation, failure of the obligor to complete the building operation is a breach of the condition of the bond for which an action lies.

Argued Jan. 15, 1906.   Appeal, No. 239, Jan. T., 1905, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1901, No. 390, on verdict for plaintiff in case of Equitable Trust Company v. National Surety Company.   Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Assumpsit on a bond.   Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,843.82.   Defendant appealed.

*Error assigned* was in not entering judgment for defendant non obstante veredicto.

*T. Raeburn White* and *S. Davis Page*, for appellant.—The words of the bond import a contract of indemnity: Wheeler v. Equitable Trust Co., 206 Pa. 428; Weightman v. Union Trust Co., 208 Pa. 449.

The circumstances of the case show the bond to be one of indemnity against loss sustained by plaintiff under its title

policies: Equitable Trust Co. **v.** Wynkoop, 13 Montg. County Law Repr. 201.

Plaintiff has shown no loss against which it was indemnified, and is not entitled to recover: Wheeler v. Equitable Trust Co., 206 Pa. 428; Equitable Trust Co. v. Wynkoop, 13 Montg. Co. Law Repr. 201.

*Francis Shunk Brown,* of *Simpson & Brown,* with him *Ira J. Williams,* for appellee.—Appellant's contention that the bond as a whole must be construed as one of indemnity cannot be sustained without doing violence to the plain language of the instrument itself.

And a bond having separable conditions may be sustained as to part, although void as to one or more of the other conditions: Power v. Graydon, 53 Pa. 198; Beacom v. Holmes, 13 S. & R. 190; McKee v. Stannard, 14 S. & R. 380; Hutton v. Helme, 5 Watts, 346.

The bond in suit is totally unlike the bond considered in Weightman v. Trust Co., 208 Pa. 449, which was conditioned merely to hold the obligee harmless; but the bond bound the obligors to furnish all electrical materials and work, and, as in the case of Folz v. Trust & Saving Fund Co., 201 Pa. 583, to complete the contract of Wolf & Ployd.

OPINION BY MR. JUSTICE ELKIN, February 26, 1906:

The question involved in this appeal is whether the bond upon which suit was brought is one of indemnity or of guaranty, or both. If it is a bond of indemnity alone the contention of the appellant must prevail. If, however, it is not only a bond of indemnity but an absolute undertaking to furnish the materials and complete the work, judgment was properly entered in the court below.

The answer must be found in the terms and conditions of the bond itself. The citation of authorities wherein bonds have been construed is of little value to a court in determining the question, unless the covenants of the bonds in the cases cited are the same in import and effect as those of the one under consideration. An obligor can make, and an obligee accept a bond the conditions of which may be a contract of indemnity, or of guaranty, either or both. In these respects they

may execute a bond in scope and character suited to their purposes. In order to obtain a clear view of the situation the bond executed by appellant as surety may be divided into three separate and distinct parts. (1) " Shall and do at all times hereafter well and sufficiently save, defend, keep harmless and indemnify the obligee, of and from all loss, damage, costs, charges, liability or expense on or for account of any work or labor done, or materials furnished, or to be done or furnished, for and about the construction and erection of said buildings." (2) " Shall and do furnish all materials and labor necessary to complete the erection and construction of said one hundred and thirty-two houses free and clear of mechanics' liens so far as relates to the particular branch or department recited in said contract; " and (3) " fully comply with all the terms of said contract and faithfully keep and perform the covenants therein contained."

The appellant contends that the bond as a whole is one of indemnity, and that all of the parts thereof should be construed to effectuate the general purpose of the instrument. Wheeler v. Equitable Trust Company, 206 Pa. 428, is relied on as ruling this case in favor of appellant. We do not agree with this position. The suit in that case was brought on a policy of title insurance, which was primarily and essentially a contract of indemnity. It was conceded in that case that the general purpose of the policy was to indemnify against loss, but it was contended that the use of the word " guarantee " in a note relating to the completion of the buildings within a certain time limit, attached to the policy, changed the general purpose of the policy from one of indemnity to one of guaranty. This court held that the fundamental character of that contract could not be changed by the use of a single word which appeared as an exception to an exception in the general contract of indemnity set out in the policy. This distinction is clearly made by Mr. Justice DEAN, who wrote the opinion in that case, wherein it is said : " That is, notwithstanding the exceptions, the general indemnity contract shall extend to and cover any loss from failure in these particulars. The note, although inaptly worded, is intended to signify that if the buildings should not be completed in accordance with the specifications then, if any loss be sustained thereby by plaintiff, such loss should come under the

indemnification covenant of the policy." We do not question the correctness of the rule stated in that case. We are of opinion, however, that the facts of the case at bar distinguish it from the case cited. The present action is not founded on a policy of title insurance, and the contract relied on is not necessarily one of indemnity. This suit is based on a bond, and the conditions thereof are whatever the parties choose to make them. It is true they could have made the bond one of indemnity. It is equally true they could make it one of guaranty, either or both.

There can be no doubt that the first clause of the condition of the bond in question is an indemnity, but it is just as clear that the second clause is one of guaranty to furnish the materials and complete the work. The learned counsel for appellant contend, however, that the general import of the contract is one of indemnity, and that all of the words used therein should be construed to be in harmony with, and subservient to, the general purpose of the bond. As a general rule the correctness of this proposition may be conceded, but it is not applicable to the facts of this case. This rule when applied should be in aid of the intention of the parties and not to defeat their purpose. The covenants of the bond are the guide to the court. They should be construed to mean what the parties intended in so far as that intention can be ascertained by the words used.

The distinction between a contract of indemnity and one of guaranty is pointed out in Weightman v. Union Trust Company, 208 Pa. 449, wherein Mr. Justice POTTER, among other things, said : " The distinction between the two agreements is simply that between an affirmative covenant for a specific thing and one of indemnity against damage by reason of the nonperformance of the thing specified." In that case the covenant of the bond was essentially different from the covenants of the bond in the present case. Weightman loaned certain sums of money to Steelman, to be used in the erection of buildings on land owned by Steelman, and took a mortgage upon the land as security for the loan. As a further protection a bond was procured from the Union Trust Company, conditioned for indemnity against loss on account of any deficiency in the mortgage security resulting from the failure of Steelman to

complete his contract. This court held that the covenant of the surety company in that case by express terms was not to do the particular things which Steelman had bound himself to do, but to save the plaintiff harmless from any loss occasioned by failure to perform his contract. There was a single covenant to indemnify against loss, which the court was asked to say was not what it purported to be, to wit: a covenant of indemnity, but that it was an absolute undertaking to complete the buildings. It was very properly held to be a contract of indemnity.

The difference between that case and the one at bar is manifest. In the present case there is not only a covenant to indemnify against loss, but, in addition thereto, a separate, distinct and absolute undertaking to do a specified thing, to wit: " furnish all materials and labor necessary to complete the erection and construction of said one hundred and thirty-two houses." There is ample authority to support the proposition that a bond may have two separate and distinct conditions, and that upon a breach of one condition an action will lie. Also that when the condition of the bond is an undertaking to do a particular thing, failure to do that thing is a breach, upon the happening of which a cause of action arises: Pure Oil Company v. Terry, 209 Pa. 403 ; In re Negus, 7 Wend. (N. Y.) 499 ; Thomas v. Allen, 1 Hill (N. Y.), 145 ; Churchill v. Hunt, 3 Denio (N. Y.), 321 ; Belloni v. Freeborn, 63 N. Y. 383 ; Kiewit v. Carter, 25 Neb. 460.

The reason for requiring the bond to be conditioned, not only as an indemnity against loss but as a covenant to complete the work, is apparent from the facts in the present case. The Guarantee Trust Company agreed to advance the money and as a security to take a mortgage on the premises on which the buildings were to be erected. This company, in order to be more fully protected from loss by reason of defective title or failure of the contractors or subcontractors to complete the buildings, applied to the appellee for title insurance. Thereupon appellee issued its title policies to the mortgagees insuring them against loss because of unmarketability of title, mechanic's liens and encumbrances, and failure to complete the buildings according to certain plans lodged with the insuring company. The appellee, in order to protect itself from loss

under the title policies issued by it, required the subcontractors to enter into written contracts with the principal contractors and owners agreeing to complete the work in accordance with the plans for a fixed price, that no mechanics' liens should be filed against the premises, that they could keep pace with the other subcontractors in the performance of their work, and that they would give a bond with sufficient surety conditioned for the faithful performance of said contract. One of the subcontracting firms with the appellant company as surety, executed the bond upon which this suit is based. This firm defaulted and failed to complete its branch of the work. The appellee notified appellant of the failure of the principal in the bond, and requested that company to complete the work as it had undertaken to do under a covenant in the bond. The appellant company relying upon its contention that its covenant was one of indemnity only, and not an absolute undertaking to complete the work, did nothing. The appellee treated the failure as a breach, had the work completed by contract, paid the amount agreed to be paid the contractors, and instituted this suit to recover the amount so expended from appellant.

It is apparent why the appellee should require not only a covenant of indemnity but an absolute undertaking to complete the work in order to protect itself. If the subcontractors failed to complete their work, the houses, being unfinished, might be worth less than the face value of the mortgages, and a loss would result. Then, again, it was important to the appellee that it should have the right in the event of the failure of any one subcontractor to perform his work, and the surety company refused or neglected to do so, to either do the work or have it done in order that the entire building operation should not be at a standstill by reason of failure to perform certain branches of the work. Failure of any one subcontractor to perform his work and keep pace with the others in the erection of the buildings might result in serious loss, and the appellee, acting with business prudence and foresight, required and received a bond conditioned not only as an indemnity against loss, but with an express covenant to complete the work. There can be no question about the right of the appellee to require such a bond to be executed, nor is there any

doubt as to these separate and distinct covenants having been written into the bond, and inasmuch as the parties themselves have made their own covenants, there is no reason why a court should disturb them.

Judgment affirmed.