## HALL v. EQUITABLE SURETY COMPANY.

### Opinion delivered January 1, 1917.

1. INDEMNITY CONTRACT—NATURE OF THE LIABILITY.—Appellee executed a bond for $500 to an employer to indemnify it for certain losses sustained through the acts of a certain employee. Thereafter appellants executed a bond to indemnify the appellee for any loss sustained by reason of its previous contract    The employee aforesaid was short in his accounts, and appellee paid the amount of the same to the employer, and sued appellants on their agreement. Held, the bond executed by appellants was an indemnity contract, and not one of surety or guaranty, that Kirby's Digest, §§ 7921 and 7922, did not apply, and that appellee was not required to bring an action against the original employee before suing the appellants.

2. INDEMNITY CONTRACT—NATURE OF THE AGREEMENT—SURETY CONTRACT.—In an indemnity contract, the engagement is to make good and save another from loss upon some obligation which the assured has incurred, or is about to incur, to a third person; while a contract of guaranty and suretyship is a promise to one to whom another is liable.

Appeal from Poinsett Circuit Court;   J. F. Gautney, Judge; affirmed.

#### STATEMENT BY THE COURT.

L. F. Cornelison on or about November 24, 1913, began working for the St. Louis & San Francisco Railroad Company as agent at Lepanto, Arkansas. The St. Louis & San Francisco Railroad Company required the said Cornelison to execute to them a bond. The Equitable Surety Company, a corporation under the laws of the State of Missouri, executed a bond on the

24th day of November, 1913, to the St. Louis & San Francisco Railroad Company in the sum of $500.00.

On the 23d day of April, 1914, appellants executed a bond to the appellee which recites in part as follows: "That whereas we the undersigned have requested the Equitable Surety Company to sign and execute a certain bond or undertaking executed on behalf of L. F. Cornelison in favor of the St. Louis and San Francisco Railroad Company effective November 24, in the sum of $500.00, and whereas the Company (Equitable Company) has signed and executed or is about to sign and execute the said instrument upon condition of the execution and delivery hereof and upon the security and indemnity hereby and herein provided. Now therefore in consideration of the premises and of the sum of $1.00 in hand paid to us by the company we the undersigned hereby covenant and agree with the company its successors and assigns in manner following:

"That we will at all times indemnify and keep indemnified the company, and hold and save it harmless from and against any and all demands, liabilities and expenses of whatsoever kind or nature, including counsel and attorneys' fees, which it shall at any time sustain or incur by reason or in consequence of having executed the said instrument; and that we will pay over, reimburse and make good to the company, its successors and assigns, all sums and amounts of money which the company or its representatives shall pay or cause to be paid or become liable to pay, under its obligation upon said instrument, or as charges and expenses of whatsoever kind or nature, including counsel and attorneys' fees, by reason of the execution thereof, or in connection with any litigation, investigation or other matters connected therewith, such payment to be made to the company as soon as it shall have become liable therefor, whether it shall have paid out said sum or any part thereof or not.

"That in any settlement between us and the company the vouchers or other proper evidence showing payment by the company of any such loss, damage or

expense, shall be *prima facie* evidence against us of the fact and amount of our liability to the company, provided that such payment shall have been made by the company in good faith, believing that it was liable therefor."

Cornelison did not sign the bond. Appellee instituted this suit against the appellant on the above bond, alleging that it had been forced to pay the railroad company by reason of the bond it had executed to that company the sum of $217.75, the amount due said railroad company by Cornelison.

The appellee introduced in evidence a verified account in the sum of $217.75 which it had paid the railroad company on the 29th day of September, 1915.

On September 5, 1916, Girdley, one of the appellants, wrote the appellee and demanded that it file suit against Cornelison. Suit was not filed within thirty days after the receipt of this letter by the appellee. The appellant Girdley testified that he would not swear that the itemized statement of what the appellee had paid for Cornelison was not true.

The amended bill of exceptions shows that the question came up as to whether sections 7921 and 7922 of Kirby's Digest applied to the bond in suit, and the court ruled that those sections did not apply to this particular bond, but that the bond in suit came within section 7923 of Kirby's Digest, and that the giving of notice and the failure to file suit within thirty days thereafter did not relieve the sureties, and that the only question in the lawsuit was the question of amount.

The court told the jury that the itemized statement of account filed and sworn to was *prima facie* evidence of its correctness until denied under oath.

The jury returned a verdict for the appellee in the sum of $217.75, and from a judgment entered in appellee's favor for that sum, this appeal is duly prosecuted.

*S. L. Gladish*, for appellants.

1. The bond was for the payment of money and appellants were sureties merely. They were released

from all liability by the failure to sue Cornelison after due notice to do so. Kirby's Digest, §§ 7921-2; 32 Cyc. 99; 48 Ark. 254; 39 So. 54; 90 Pac. 328.

2.    Such a bond is construed against the insurer company.    80 Ark. 54.

3.    The notice was sufficient.

*Mardis & Mardis*, for appellee.

1.    Appellants are principals in the bond. Cornelison did not sign the bond nor is he a party to the contract. The contract is an original one of indemnity, and §§ 7921-2 Kirby's Digest, do not apply. *Ib.* § 7293.

2.    Girdley only gave notice and Hall would still be liable.    29 Ark. 579.

WOOD, J. (after stating the facts). Section 7921, Kirby's Digest, provides: "Any person bound as surety for 'another in any bond, bill or note for the payment of money or the delivery of property may at any time after action hath accrued thereon by notice in writing require the person having such right of action forthwith to commence suit against the principal debtor and other party liable."

Section 7922 provides: "If such suit be not commenced within thirty days after the service of such notice and proceeded in with due diligence in the ordinary course of law to judgment and execution, such surety shall be exonerated from liability to the person notified."

Section 7923 provides: "The two preceding sections shall not extend, first, to the bond of any executor, administrator, guardian or other person given to secure the performance of his trust or the duties of his office; nor, second, to any bond with collateral conditions except bonds with collateral conditions exclusively for the payment of money or the delivery of property, or exclusively for the performance of a covenant or agreement for the payment of money, or delivery of property."

The court correctly ruled that sections 7921 and 7922, *supra*, had no application to the bond under consideration.

Cornelison was not the principal in the bond. He did not sign the same, nor did appellants sign the same as his sureties. The case of *Town of Monticello* v. *Cohn & Kuhn*, 48 Ark. 254, cited by the appellants has no application, for that case was a suit against a principal and his sureties for the payment of a certain sum of money. There the recitals of the bond show that it was signed by the principal and by the sureties. They were designated respectively as such.

The court held in that case that the sureties having given the notice provided by the statute to the obligee to sue the principal in the bond, which the obligee had failed to do, the sureties were thereby exonerated.

The bond under consideration is not a contract of suretyship in any respect, nor is the contract under review one with any collateral undertakings whatever, in the sense contemplated by the statute. Sections 7921 and 7922, *supra*.

Manifestly the statute is applicable only in those cases where there is a principal debtor, or obligor, and a surety. In such cases where the surety has notified the creditor or obligee as prescribed by the statute, then such creditor or obligee cannot maintain an action against the surety until he has brought suit and pursued the same with diligence to judgment and execution against the principal debtor or obligor.

Where the contract takes the form of ordinary suretyship, "the agreement of the surety is that he will do the thing which the principal has undertaken."

If the contract assumes the form of a guaranty, then "the agreement of the guarantor is that the principal will do what he is bound to perform." 12 R. C. L. 1057, sec. 6, but the bond in suit is not that of suretyship in any form. It is an original contract of indemnity between the appellants and the appellee, by which the appellants undertake to indemnify the appellee against any "demands, liabilities and expenses," which it may

have incurred, or any sums of money which it may have paid in good faith, or have become liable for by reason, or in consequence of having executed the bond to the railway company.

Contracts of indemnity "are distinguished from those of guaranty and suretyship in that in indemnity contracts the engagement is to make good and save another from loss upon some obligation which he has incurred, or is about to incur, to a third person, and is not as in guaranty and suretyship a promise to one to whom another is answerable." 22 Cyc. 80.

"A contract of indemnity is original and independent, to which there is no collateral contract and with respect to which there is no remedy against the third party." 20 Cyc. 1402 and cases cited in Note 33.

In *Vandiver & Co.* v. *Pollak*, 107 Ala. 547-553, it is said: "Indemnity springs from contract express or implied, or in a general way may be defined as an obligation or duty resting on one person, to make good any loss or damage another has incurred while acting at his request or for his benefit." See also 14 R. C. L. 43, secs. 1 and 2.

The bond under the above definitions is clearly an indemnity contract, and not one of surety or guaranty. There is nothing in the record to show that the appellee—the obligee in the bond—had any remedy whatever against the third party, Cornelison. The bond sued on does not show that Cornelison was indebted to appellee. Nor does it show any undertaking upon the part of appellants to pay any debt of Cornelison to appellee.

There were no exceptions to the instructions of the court, and there was evidence under the instructions to sustain the verdict. The judgment is therefore correct and it is affirmed.