WESTVILLE LAND COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT, v. MORRIS HANDLE, DEFENDANT-APPELLANT, AND ABRAHAM J. ROVNER, DEFENDANT.

Argued October 3, 1933—Decided March 23, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Carl Kisselman.*

For the respondent, *Joseph Beck Tyler.*

The opinion of the court was delivered by

HEHER, J.   A mortgage in the sum of $27,600, covering twenty-three acres of land, made by one William Rovner to plaintiff, and by the latter assigned to the Woodbury Trust Company, as collateral security for a loan of $15,000, was in default.   It was given to secure Rovner's bond.   Under an agreement bearing date October 28th, 1927, defendants, Handle and Abraham J. Rovner, agreed to convey, or cause to be conveyed, to plaintiff a certain tract of land, comprising

twenty acres, owned by William Rovner, subject to a mortgage in the sum of $18,400, and to pay accrued interest on both mortgages, and unpaid taxes for the year 1926, assessed against the first-mentioned tract. In consideration thereof, plaintiff agreed to waive the default in the performance of the covenants and stipulations of the mortgage in the sum of $27,600, and, "at the expiration of the term of the mortgage," to extend, for a further period of two years, the time for payment thereof, "upon the payment by the owner of the land * * * to the mortgagee or mortgagees or assignees thereof of the sum of $7,600 on account of the principal thereof." The mortgage matured on February 11th, 1931. Defendants covenanted and agreed, "in further consideration of the foregoing, to indemnify and save harmless to the extent of $7,600 said mortgagee in said mortgage named, or any assignee or assignees thereof, from any and all loss occasioned by the failure of the owner of said land at the expiration of the term of said mortgage to reduce the principal thereof as hereinbefore provided."

There was compliance with the clause of the agreement requiring defendants to procure a conveyance of the twenty acres tract, and to pay the interest and taxes in arrears. But when the mortgage matured, the landowner defaulted in the payment of $7,600 on account of the principal thereof, and plaintiff brought this action to recover that sum. Trial of the issue was moved before a jury in the court below, and, upon presentation of the proofs, both sides moved for a direction of a verdict. The issue was then, by consent, submitted to the trial judge "for decision on both law and facts," and he found for plaintiff in the sum demanded.

The trial judge held that it was immaterial whether the covenant sued on was a guaranty of payment or provided for an indemnity against loss; that assuming it to be a contract of indemnity, a loss in the full sum demanded by plaintiff had been proven, and that neither the sale of the bond and mortgage, nor the foreclosure of the mortgage and suit on the bond, was a condition precedent to the right of recovery; and that the assignment of the mortgage to the Trust Com-

pany "did not operate as an assignment of the guarantee or indemnity," and the pleaded cause of action was, therefore, vested in plaintiff. Judgment for plaintiff was accordingly entered, and defendant, Handle, appeals.

In awarding judgment to plaintiff the trial judge fell into error. The pleaded cause of action is a breach of an absolute guaranty of payment. But the contract is one of indemnity against loss, and not an agreement of guaranty. It expressly so provides. Defendants did not absolutely and unconditionally guarantee the payment of the specified sum, in event that the landowner failed to do so at the maturity of the mortgage. Compare *Pfeiffer* v. *Crossley,* 91 *N. J. L.* 433; *affirmed,* 92 *Id.* 638. Nor was it a guaranty of collection, or collectability. Neither was it a direct promise by defendants to pay plaintiff in a given event, based upon a specified consideration moving from plaintiff, and entirely independent of the performance of an undertaking by another. · Compare *Perkins-Goodwin* v. *Hart,* 83 *N. J. L.* 471. The agreement provided for an extension of the term of the mortgage for a period of two years, in the event of the payment, at maturity, of the mentioned sum in reduction of the principal. Plaintiff agreed to waive "any and all defaults under the said mortgage;" and to forebear foreclosure, and, by the same token, to renew the mortgage for the remainder of the original term thereof, a period of more than three years, and, in consideration thereof, defendants agreed, to the extent of the stipulated sum, to indemnify it against all loss occasioned by the failure of the landowner to reduce the principal sum, as provided in the agreement.

Contracts of guaranty and indemnity have definitely established distinguishing features. Generally speaking, the word "indemnity" is used in two general senses: First, the sense of giving security; and secondly, in the sense of compensating for actual loss or damage. Indemnity springs from contract, express or implied, and it is more specifically defined, in terms of obligation or contractual relationship, as an obligation or duty resting on one person to make good any loss or damage another has incurred, or may incur, while

acting at his request or for his benefit. 14 *R. C. L.* 43; 31 *C. J.* 419.

The promise in an indemnity contract is an original and not a collateral undertaking, and in this particular differs from a contract of guaranty. The contract to indemnify is an original undertaking to save the indemnitee harmless against loss or damage of a specified character which may happen in the future. The liability assumed is not secondary, but primary. *Wolthousen* v. *Trimpert,* 93 *Conn.* 260; 105 *Atl. Rep.* 687; *Assets Realization Co.* v. *Roth,* 226 *N. Y.* 370; 123 *N. E. Rep.* 743. There are cases which make this distinction between contracts of indemnity and those of suretyship and guaranty: In an indemnity contract the engagement is to make good and save another harmless from loss upon some obligation which he has incurred, or is about to incur, to a third person; whereas, in a guaranty the promise is to one to whom another is answerable. In the former there is direct privity between the promisor and the promisee, while there is no debt owing by the third person to the promisee, and there is no remedy against such third person. *Hall* v. *Equitable Surety Co.,* 126 *Ark.* 535; 191 *S. W. Rep.* 32; *United States Fidelity, &c., Co.* v. *Hattiesburg Bank,* 128 *Miss.* 605; 91 *S.* 344; *Anderson* v. *Spence,* 72 *Ind.* 315; 28 *C. J.* 892; 31 *C. J.* 420. The indemnity afforded by the contract in the instant case was against the consequences of the failure of the *landowner,* at the maturity of the mortgage, to make the prescribed payment on account of the principal, and not of the default of the then owner, William Rovner, who is the maker of the bond secured by the mortgage. In the event of a subsequent conveyance of the mortgaged lands, the owner at the maturity of the mortgage would not be personally obligated to make the payment, unless he assumed the mortgage debt.

But the case does not necessarily turn upon this construction of the contract. It is, in the true sense, a contract of indemnity, even though it indemnifies against loss suffered by reason of the failure of the landowner to make a payment for which he is personally obligated, and not that sustained

by the indemnitee upon an obligation incurred to a third person. The distinction between indemnity agreements and guaranties, made in the cases referred to, does not take into account the undoubted right of the parties to make a contract that is primarily and essentially one of indemnity. *North* v. *North & Son*, 93 *N. J. L.* 438. The true distinction between a contract of indemnity and one of guaranty is "simply that between an affirmative covenant for a specific thing and one of indemnity against damage by reason of the non-performance of the thing specified." *Weightman* v. *Union Trust Co.*, 208 *Pa.* 449; 57 *Atl. Rep.* 879; *Equitable Trust Co.* v. *National Surety Co.*, 214 *Pa.* 159; 63 *Atl. Rep.* 699; *Purdy* v. *Massey*, 306 *Pa.* 288; 159 *Atl. Rep.* 545. "There is an essential difference, in legal effect, between covenants of indemnity, strictly—that is, of indemnity against loss—and covenants to pay, or assume or stand for the debt, or a surety's liability thereon. A right of action accrues on those of the latter class as soon as the debt matures and is unpaid, because the liability then becomes absolute, and the failure to pay is a breach of the express terms of the covenant; while those of the former class are not broken, and no right of action accrues, until the indemnitee has suffered a loss against which the covenant runs. *The distinction grows out of the express terms of the contract* * * *. In the case before us, the defendant's covenant * * * is one *strictly of indemnity* against loss on account of their suretyship, and nothing more; and, as they have yet suffered no loss, no right of action has accrued to them thereon." *Henderson-Achert Litographic Co.* v. *John Shillito Co.*, 64 *Ohio St.* 236; 60 *N. E. Rep.* 295. Where the contract is one of indemnity, "the obligee cannot recover until he has been actually damnified, and he can recover only to the extent of the injury he has sustained up to the time of the institution of the suit. But there is a well settled distinction between an agreement to indemnify and an agreement to pay. In the latter case a recovery may be had as soon as there is a breach of the contract, and the measure of the damages is the full amount agreed to be paid."

*Wicker* v. *Hoppock,* 73 *U. S.* 94; 18 *L. Ed.* 752. Whether an action lies or not depends upon the true intent and meaning of the covenant. If it is simply to indemnify, and nothing more, damage must be shown before the plaintiff can recover. *Sluart* v. *Carter,* 79 *W. Va.* 92; 90 *S. E. Rep.* 53; *L. R. A.* 1918 *D* 1070. The governing principle was applied in *Eckhart* v. *Heier,* 37 *S. D.* 382; 158 *N. W. Rep.* 403, wherein it was said: "The authorities recognize the essential difference between a guaranty of a note, which is a covenant to pay the same, and a covenant of indemnity against loss through non-payment. *The distinction arises out of the terms of the contract.* In the case of a guaranty the covenant is collateral to the other contract, and the failure of the third party is a breach of the terms of the contract of guaranty; in the other case the covenant is not collateral to the other contract, and the mere failure of the third party to pay is not a breach of the indemnitor's covenant * * * he did not covenant that he would pay, but covenanted merely to make good any loss resulting from non-payment."

There is little or no practical difference, in respect of the admeasurement of damages, between a covenant of indemnity against loss, as the result of the non-payment of a debt, and a guaranty of collection. "There is a well understood difference between a guaranty of payment and a contract of indemnity against loss as the result of the non-payment of a debt. In the first case the liability of the guarantor is fixed by the failure of the principal debtor to pay at maturity, or at the time when payment was guaranteed. In the second, the contract partakes of the nature of a guaranty of collection, no liability being incurred until after, by the use of due and reasonable diligence, the guarantee has become unable to collect the debt from the principal debtor." *Burton* v. *Dewey,* 4 *Kan. A.* 589; 46 *Pac. Rep.* 325.

The parties were at liberty to cast their agreement in the form of a guaranty or an indemnity, as they chose. Their rights and obligations may be whatever the parties, by their contract, choose to make them. The cardinal rule, in the

interpretation of contracts, is to ascertain and give effect to the mutual intention of the parties, as far as that intention may be effectuated without violating legal principles. Defendants are liable to plaintiff only according to the terms of their agreement. "The law will not by implication supply, or add to, a contract, unless the parties have invited such assistance and addition by omission expressly to define their obligations." *Assets Realization Co.* v. *Howard,* 211 *N. Y.* 430; 105 *N. E. Rep.* 680.

In form and substance the contract is one of indemnity. The obligation undertaken by appellant was not an absolute one. He did not make an unconditional promise to pay the sum specified; it was qualified or conditional upon the plaintiff sustaining loss. It was not a conditional guaranty. Defendants merely bound themselves to indemnify and save plaintiff harmless, to the extent of the mentioned sum, from any and all loss occasioned by the failure of the landowner, at the maturity of the mortgage, to pay that sum on account of the principal. The use of the words "indemnify and save harmless" signifies a purpose to protect against actual loss only. *North* v. *North & Son, supra; Miller* v. *Fries and Marks,* 66 *N. J. L.* 377. They give character to the undertaking. They exhibit an intention to provide for indemnity strictly. The mortgage was given as security for the payment of a debt. It may be that plaintiff, at the time of the making of the agreement in suit, doubted the sufficiency of the security. On the other hand, it may be that it was convinced that the security was then ample, but doubtful that it would be at the expiration of the term of the mortgage, and sought additional security as the consideration for a stipulation waiving the default and renewing the mortgage for the remainder of the term. In any event, defendants agreed, in consideration of plaintiff's forebearance to foreclose the mortgage, and its covenant to extend the term of the mortgage, upon payment of the stipulated sum, to indemnify it against loss occasioned by the failure of the landowner to reduce the principal of the mortgage at maturity, as provided in the agreement. If the security was then ample, failure to pay the

specified sum would not result in loss, and there would be no liability. If, on the other hand, it did not yield the amount due plaintiff, the actual loss suffered, not to exceed that amount, was the sum recoverable. In other words, plaintiff was indemnified against loss suffered by reason of a deficiency in the mortgage security. Defendants were bound only to the extent, and in the manner and under the circumstances, pointed out in their obligation, and no further. They have a right to stand upon the precise terms of their contract. The clear import of the contract is indemnity against loss actually sustained. Actual loss or damage is the very nature and essence of the obligation of an indemnitor, unless the indemnification is against mere liability. *North* v. *North & Son, supra; Nakonieczny* v. *Commonwealth Casualty Co.,* 111 *N. J. L.* 137; *Miller* v. *Fries and Marks, supra; Jeffers and Hackett* v. *Johnson,* 21 *N. J. L.* 73. This is the rule of the common law. 14 *R. C. L.* 55. Loss actually suffered by reason of a deficiency in the mortgage security is, therefore, a *sine qua non* of the right of action asserted by plaintiff.

It follows, from the foregoing, that the pleaded cause of action did not arise from the agreement in suit. While insisting that the agreement unconditionally guaranteed payment to plaintiff, upon the failure of the landowner to reduce the principal as therein provided, and that "the agreement being to pay money on a certain day, the loss is the amount agreed to be paid," plaintiff offered evidence tending to establish an actual loss, and the amount thereof. But appellant, by objection seasonably made, raised the question of variance. This must be resolved in his favor. The cause of action pleaded was a breach of an absolute and unconditional guaranty of payment upon the happening of a specified event. There was no allegation that plaintiff suffered actual loss by reason of the failure of the landowner to reduce the principal, as provided in the agreement. Proof of actual loss, upon the theory of a contract to merely indemnify plaintiff against loss occasioned by the failure of payment, was inadmissible. There was, therefore, a substantial and material variance between the pleadings and the proof. In *Jordon* v. *Reed,* 77

*N. J. L.* 584, 591, Judge Green, speaking for our court of last resort, said: "It is sound law and sound reason that there must be no variance to the prejudice of the adverse party between the case declared upon and the case proven, and that a recovery must be *secundum allegata et probata.*" Whether the testimony constitutes a variance within this rule "depends upon whether the variance or discrepancy between the averment in the pleading and the evidence introduced to support it is matter of substance or mere matter of expression, material or immaterial, prejudicial or not prejudicial to the adverse party." *Congress Cigar Co.* v. *Canister Co.*, 33 *Fed. Rep.* (*2d*) 657.

Plaintiff is not aided by the fact that the agreement was attached to the complaint; and made a part thereof. Appellant was advised by the allegations of the complaint that the sole cause of action asserted by plaintiff was based upon defendants' alleged absolute and unconditional promise to pay the mentioned sum on the happening of the specified event. Actual loss was not averred, nor was proof of loss required to sustain the pleaded cause of action. It was offered on the theory that defendants' obligation was merely to indemnify and save plaintiff harmless against loss. This was an unpleaded alternative cause of action, which required, to sustain it, proof of loss actually suffered. There was, therefore, a substantial variance, prejudicial to appellant, between the case pleaded and the case proven.

Moreover, the evidence offered was incompetent to establish actual loss within the intendment of the indemnity agreement. Plaintiff did not foreclose the mortgage. It sought, by the offered evidence, to establish the value of the security, and thus furnish a basis for the determination of the loss which it claimed to have suffered. But, as pointed out, the agreement provided indemnity for the loss suffered by reason of a deficiency in the mortgage security, and foreclosure was essential to determine this. Resort must first be had to the mortgage security. This is likewise the rule in the case of a conditional guaranty. *Pfeiffer* v. *Crossley, supra;* 28 *C. J.* 978. The plain import of the contract is

that defendants will pay only the deficiency in the mortgage security, and that they will not be held liable until the security has been exhausted or resorted to without avail. Foreclosure is an indispensable requisite, unless there is an absolute guaranty of the payment of the mortgage debt. *Pfeiffer* v. *Crossley, supra; Schaaf* v. *O'Brien,* 8 *Daly* (*N. Y.*) 181; *Clark* v. *Best,* 8 *Grant Ch.* 7.

It is a long established state policy that, where a bond and mortgage are given for the same debt, a deficiency does not arise unless, at a sale in foreclosure proceedings, the mortgaged premises should not sell for a sum sufficient to satisfy the amount due. *Bradley* v. *Atlantic Guaranty, &c., Co.,* 98 *N. J. L.* 741; 3 *Comp. Stat.,* p. 3421. In the last cited case, Chancellor Walker, speaking for our court of the last resort, held that the guaranteed holder of a mortgage is entitled to recover from his guarantor "the deficiency on his mortgage debt as ascertained upon a foreclosure sale; for, by statute, the first proceeding is to foreclose the mortgage, and if the mortgaged premises do not sell for a sum sufficient to satisfy the mortgage debt, &c., then it is lawful to proceed on the bond for the deficiency."

There was error also in the holding that the assignment of the mortgage to the Trust Company "did not operate as an assignment of the guaranty or indemnity." The rule is that an assignment of the principal debt, if not limited in its scope, carries with it the promises and undertakings connected therewith, and tending to secure its payment. *Wooley* v. *Moore,* 61 *N. J. L.* 16. The right to any remedy which the assignor had as a creditor passes to the assignee. *Wimpfheimer* v. *Perrine,* 61 *N. J. Eq.* 126, 133; *affirmed,* 67 *Id.* 597. In the absence of any provision to the contrary, the assignment of a chose in action includes, as incident to the chose, all securities and liens held by the assignor as collateral to the claim, and all rights incidental thereto. 5 *C. J.* 948. There is no requirement that the assignment of such incidental promises, undertakings, rights and securities be in writing. *Sullivan* v. *Visconti,* 68 *N. J. L.* 543, 550; *Allen* v. *Pancoast,* 20 *Id.* 68. The indemnity agreement did

not contain a prohibition against assignment. The covenant is for the benefit of the "mortgagee in said mortgage named, or any assignee or assignees thereof."

The bond and mortgage and the indemnity covenant are inseparable. The latter is an incident of the former. The transfer of the bond and mortgage carries the indemnity agreement with it, without any formal assignment or delivery, or even mention of the latter. When the mortgage debt is satisfied the indemnity covenant loses efficacy. It occupies a dependent and incidental relation. Compare *Carpenter* v. *Longan,* 16 *Wall.* 271; 21 *L. Ed.* 313. As an assignee takes subject to defenses there may be against his claim, so he is entitled to any advantages to which his assignor was entitled with reference to the claim. Thus an assignee for value is entitled to the benefit of any securities for the claim, though not in terms assigned. 1 *Williston Cont.* 819.

Judgment reversed.