## McDermott's Estate

*Michael C. Goglia, Regina T. Clarke, M. Biddle Saul,* and *Horace M. Barba,* for exceptant.

*Edwin J. McDermott,* contra.

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

KLEIN, J., July 14, 1939.—As a result of an examination made by the Pennsylvania Department of Banking in March 1930, it was ascertained that the Metropolitan Trust Company was in an unsafe and unsound condition. In order to prevent its being taken over by the department, an agreement was made with the Bankers Trust Company, dated May 22, 1930, whereby the Metropolitan agreed to transfer its assets to the Bankers, which agreed to pay and discharge all of the liabilities and obligations of the Metropolitan to its depositors. The directors of the Metropolitan, as part of the transaction, executed a bond in the sum of $100,000 in favor of the Bankers. The liability of each director was limited to the amount set opposite his name. Decedent, Charles J. McDermott, was one of the directors who signed the bond, his liability being fixed at $5,000. Subsequently, on December 22, 1930, the Bankers failed and the Secretary of Banking took possession as statutory receiver. About nine months later, the secretary finally decided to liquidate the Bankers, and by separate proceedings took possession as receiver of the Metropolitan. The facts need not be set forth in greater detail here as they are fully recited in the adjudication.

Decedent died June 5, 1937, and the Secretary of Banking, as receiver of the Bankers, presented a claim at the audit of the executors' account upon the bond in the sum of $5,000.

The learned auditing judge preliminarily decided that the agreement between the two trust companies and the

bond of the directors must be considered together as though they constituted one agreement. We think this was unquestionably correct in view of the fact that the agreement is specifically made a part of the bond.

The auditing judge held, further, that the agreement in question must be regarded as a personal service contract which was breached by the Bankers and performance made impossible when it was taken over by the Department of Banking. He also ruled that even if the agreement was not regarded as a personal service contract made incapable of performance, the fact that the Secretary of Banking took possession of the Metropolitan by separate proceedings amounted to a repudiation or rescission of the contract. It is unnecessary for us to pass upon these reasons as we are sustaining the auditing judge's third reason for dismissing the claim, which we will now discuss.

We are all in full agreement with the auditing judge's conclusion that the bond upon which the claim has been presented must be regarded as an indemnity against actual loss as distinguished from an indemnity against liability. The law is well settled that in the latter case mere liability determines the enforcibility of the bond, whereas in the former, the obligation becomes enforcible only when the obligee has sustained actual loss. See Weightman v. Union Trust Co., 208 Pa. 449 (1904), Equitable Trust Co. v. National Surety Co., 214 Pa. 159 (1906), Malley v. American Indemnity Co., 297 Pa. 216 (1929), Manufacturers & Merchants B. & L. Assn. v. Willey et al., 321 Pa. 340 (1936), and League Island Community B. & L. Assn. v. Doyle, 323 Pa. 287 (1936). In the present case, before the claim on the bond could be sustained, the Secretary of Banking was confronted with the burden of proving that an actual loss had been incurred by the Bankers in the performance of the terms of the agreement. This he wholly failed to do and it appears, from the exhibits offered in evidence, to be entirely

possible that no actual loss will ever be sustained by the Bankers Trust Company by reason of the agreement. We, therefore, agree with the learned auditing judge that the claim should be dismissed for this reason.

But there is another equally fundamental reason for barring recovery on this bond. The agreement between the two companies provided, inter alia, that the "Bankers Company hereby agrees to pay and discharge all of the liabilities and obligations of the Metropolitan Company to its depositors. . . ." Before recovery can be had on the bond, claimant must affirmatively prove that the Bankers Trust Company had carried out and fulfilled all of its undertakings and obligations under the agreement. No such proof was offered.

The contention that this objection is met by the fact that the Bankers Trust Company credited all of the depositors of the Metropolitan Trust Company with the full amount of deposits on the books of the Bankers Trust Company, is without merit. The corporate entity of the Metropolitan Trust Company has at all times been maintained. The action of the directors and shareholders of the instituiton did not deprive the depositors of their rights against the corporation in the event the Bankers did not pay the amount of their deposits in full. The agreement clearly contemplates *payment* of the deposits in cash, not in unpaid credits.

Subsequent to the argument before the court in banc, on June 15, 1939, a stipulation was filed, which indicates that approximately 55 percent has been paid to the depositors of the Metropolitan to date as liquidating dividends. The stipulation suggests that the final liquidation will result in payment of from 60 percent to 65 percent of the face amount of the deposits. It seems clear beyond question that the Bankers Trust Company will never be able to pay the depositors of the Metropolitan, or its own depositors, in full.

We are, therefore, of the opinion that the Secretary of Banking, as receiver of the Bankers Trust Company, has failed to meet this additional burden which is placed upon him and for this reason also we think his claim must be dismissed.

The exceptions are therefore dismissed and the adjudication confirmed absolutely.