The Union Trust Company, Guardian of Mabel Ruth, Bessie Louise, Charles Henry and Margaret Solona Klein, minor children of Henry E. and Louisa H. Klein, *v.* Citizens' Trust and Surety Company, Appellant.

*Principal and surety—Contract—Building contract—Evidence.*

A contractor agreed to build two houses on two lots owned by a trust company as guardian. The trust company agreed to advance a $1,000 bond on each house, the bonds to be secured by a mortgage on the lots. A surety company guaranteed the completion of the buildings to be erected on the lots under the contract, and agreed to " indemnify, keep harmless and insure (plaintiff) against all loss or damages not exceeding $2,000." The contractor received from the guardian the two bonds and the mortgage, and pledged them to other parties. After digging the cellars the contractor abandoned the work. The guardian brought an action against the surety to recover the amount of the bonds delivered to the contractor. *Held,* (1) that the surety could be called upon to meet its own engagement when the fact that the builder had failed to meet his obligations became apparent; (2) that evidence as to the value of the lots was irrelevant; (3) that the guardian was entitled to recover the full amount, necessary to redeem the bonds.

Argued Jan. 20, 1898. Appeal, No. 343, Jan. T., 1897, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1895, No. 627, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit against a surety on a building contract. Before GORDON, J.

At the trial it appeared that the plaintiff, as guardian, on December 12, 1891, made a contract with Henry E. Klein to build five houses on five lots of ground owned by the minors, in Heidelburg, Luzerne county, Pennsylvania. This suit relates to two of them. Klein was not to receive cash for his work, but was to be paid as follows:

| | |
|---|---|
| Two first mortgages of $1,000 each executed to him by plaintiff | $2,000 |
| A second mortgage of $1,000, covering five houses, but to be delivered when all were completed, or $200 against each house | 400 |
| Contract price for two houses, or $1,200 each | $2,400 |

The two mor' ages of $1,000 each were executed by plaintiff as guardian, and w re delivered to Klein before work was begun. The bonds which went with these mortgages contained this restriction: " It is hereby understood and agreed that the lien of this bond, or of any judgment thereon, is limited to the lot of ground described in the accompanying mortgage."

Then follows a description of the lot described in the mort- gage.

December 14, 1891, defendant issued to plaintiff its settle- ment certificate, wherein said mortgages are mentioned. These are the binding words of said certificate: " Policy to issue as against liens of mechanics and material men and completion to Union Trust Company as guardian. Amount, $2,000."

The policy thus called for was issued by defendant to plain- tiff. The operative words of the policy are: " That they (the defendant) will indemnify, keep harmless, and insure (the plain- tiff) against all loss or damage, not exceeding $2,000, which the said insured shall sustain.    .   .   .

" Also all estates, defects, objections, liens, and incumbrances are excepted from the policy, saving actual loss by reason of the lien of debts contracted for the work and materials furnished in and about the erection of the buildings upon the lots of ground described (to wit: the two mortgaged lots) in the policy under the contract between the Union Trust Company and Henry E. Klein, dated December 12, 1891. And the company guarantees the completion of the buildings to be erected on said lots under this contract."

A condition of said policy is: " No claim shall arise under this policy unless there has been a final judgment upon a lien or incumbrance not excepted in this policy, or unless the insured shall have contracted to sell the insured estate, and the title has been rejected because of a defect or incumbrance not excepted in this policy."

Another condition is: " The Citizens' Trust and Surety Com- pany will at their own cost defend the insured in all actions of ejectment or other proceedings founded upon a claim of title or incumbrance prior in date to this policy, and it shall be the duty of (the insured) at once to notify the company and secure them the right to defend action."

Plaintiff offered in evidence: (1) The contract with Klein;.

(2) the two mortgages and the bonds; (3) the settlement certificate and policy or bond of defendant; (4) the assignment of one of said mortgages from Klein to Mrs. Streeper, and from her to Henry G. Hart, who claimed thereon $560, with $112 interest, total $672; (5) the assignment of the other bond and mortgage from Klein to D. Howard Foote, who held the same for the Union Trust Company, not as guardian, and who claimed $200, with $50.00 interest, total $250.

The assignees of both mortgages and bonds knew that Klein was to build houses therefor, and that he had not done so. They did not obtain from plaintiff, the mortgagor, the usual declarations of no offset.

The fact was alleged in the statement of plaintiff's claim, and admitted at the trial, that Klein dug the cellars and then abandoned the work.

Defendant offered to prove the value of the mortgaged lots. Objected to.   Objection sustained.   Exception. [1]

The court directed a verdict in favor of plaintiff for the amount of the policy, $2,000.

Exception. [2]

Verdict and judgment for plaintiff for $2,000.

Subsequently the court made the following order:

And now, June 26, 1897, the rule for a new trial is made absolute upon payment by defendant to plaintiff within twenty days of the sum of $922, to the use of Henry G. Hart as to $672, and of D. Howard Foote as to $250, provided they execute on such payment assignments to defendant of their mortgages offered in evidence.   The policy or bond shall then stand for indemnity to plaintiff against other parties lawfully claiming under the original mortgages or otherwise.   If defendant elect not to so pay by omitting to tender the amount within twenty days of this date, and (then) the rule for a new trial is discharged.

Order excepted to by defendant.   Exception allowed. [3]

Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2) binding instructions for plaintiff; (3) above order, quoting it.

*David Jay Myers*, for appellant.—If bonds and a mortgage be given to secure purchase money of land, it is competent in an action upon the bond for the vendee to prove that it was part of the contract that the vendor was "to look alone to the property sold as security for the payment of the purchase money:" Irwin v. Shoemaker, 8 W. & S. 75.

Defendant's liability is secondary, not primary, and hence the contract is a guarantee: Lothrop v. Blake, 3 Pa. 483; Brown v. Brooks, 25 Pa. 210; Janes v. Scott, 59 Pa. 178; Woods v. Sherman, 71 Pa. 100; Hoffman v. Bechtel, 52 Pa. 190.

The burden of proof of the amount of plaintiff's damages or loss was upon plaintiff: Robeson v. Bradford, 16 S. & R. 320; Curry v. Larer, 7 Pa. 470; Burr v. Todd, 41 Pa. 206; Streeper v. Williams, 48 Pa. 450; Mathews v. Sharp, 99 Pa. 560; Moore v. Colt, 127 Pa. 289; Clements v. R. R., 132 Pa. 445.

Plaintiff admits failure of consideration, and by sequence a complete defense to any suit Klein, the mortgagee, might bring on the said bonds and mortgagees: Poyntell v. Spencer, 6 Pa. 254; Saalfield v. Manrow, 165 Pa. 114.

Plaintiff's contract with Klein was an entirety, hence Klein, the mortgagee, could not have recovered on said bonds and mortgages without having shown full performance, or inability to do so by reason of some act of the plaintiff: Shaw v. Turnpike Co., 2 P. & W. 454; Martin v. Schoenberger, 8 W. & S. 367.

The defense by the mortgagor against suits by Klein would avail against suits by the assignees: Mott v. Clark, 9 Pa. 399; Twitchell v. McMurtrie, 77 Pa. 383; Morgan's App., 126 Pa. 500; Stephens v. Weldon, 151 Pa. 520.

*E. Spencer Miller* and *J. Howard Gendell*, for appellee.— The mere use of the word "guarantee" does not make the surety a guarantor; the test is in the nature of the contract, whether the agreement is that the debt shall be paid or the thing done: Riddle v. Thompson, 104 Pa. 330.

As the contract in this instance was to guarantee the completion of the houses and not the creditor's ability to complete them, it can be enforced by the suit against the surety in the first instance.

A contract as distinguished from its performance, is a legal consideration: 1 Addison on Contracts, Morgan's ed. (1875) 34; Pollock on Contracts, *174–6; 1 Chitty on Contracts, 50; Metcalf on Contracts, 182.

A restriction of a lien is not a restriction of the liability of other property: Dean's App., 35 Pa. 405; McMurray v. Hopper, 43 Pa. 468; Hoskins v. Harlan, 1 Del. Co. 285.

OPINION BY MR. JUSTICE WILLIAMS, March 28, 1898:

The building contract that gives rise to this litigation was a little outside of the customary form, but it is by no means difficult to understand. The Union Trust Company, the plaintiff, was the guardian of several minors who were owners of land in Luzerne county which had been laid out in village lots in a projected village called Heidelburg. As such guardian, and with the leave of the orphans' court of Luzerne county, it entered into a contract with H. E. Klein for the building of five dwelling houses upon five of these lots. The purport of the contract was that Klein should furnish the materials and labor necessary to complete the five houses in a good and workmanlike manner for the price of $1,200 for each house. The trust company was to advance to Klein $1,000 of the price of each house, in its own bond, which was to be secured by a separate mortgage covering the lot on which the house was to be erected. The remaining $200 of the price of each house was to be paid when the contract was fully performed by Klein. But as the $1,000 on each house was to be paid in advance of any work done upon it, the propriety of securing the trust company against any default upon the part of Klein was recognized in the contract, and provision was made for this purpose, under and in pursuance of which the contract or policy now sued on was made by the defendant, the Citizens' Trust and Surety Company, and delivered to the plaintiff. Two of the bonds provided for in the building contract were then delivered to Klein as an advance payment of $1,000 upon each of two of the contemplated houses. This advance was made to enable Klein to provide means for doing the work under his contract, and had the same effect upon the Union Trust Company, guardian, as a certificate of no set-off would have done. This contract or policy of insurance undertook explicitly to insure and protect

the Union Trust Company against all loss by reason of mechanics' liens for work or material furnished to Klein " in and about the erection of the buildings " provided for in the building contract, and also to " guarantee the completion of the buildings to be erected on the said lots under the said contract."

After all this was done Klein began work upon the cellars for the two dwelling houses, and continued until the excavations therefor were finished. He then, for some reason that does not appear abandoned his contract and has made no effort since that time to build either of the houses, and they have never been built by the defendant who was surety for his performance. Meantime he has assigned both of the bonds received by him as an advance payment upon his contract from the Union Trust Company. He does not appear to have disposed of either of them for its full value, but to have pledged them for sums of money received by him amounting in the aggregate to about nine hundred dollars. This would have been all right, and perfectly fair, if he had gone on and built the houses, but he did not do this. He did nothing in the way of performance except to dig the cellars. How now shall the Union Trust Co. protect itself from loss ? Clearly by resorting to the contract or policy of the defendant in which the full performance of his contract by Klein is expressly guaranteed. This it will be noticed is not a guaranty of the ability of Klein to do the work, or of his solvency, but a " guarantee " that he will complete the work as he had contracted to do. When he did not complete it a right of action accrued. The defendant can be called upon to meet its own engagement whenever the fact that Klein has failed to meet his becomes apparent. If Klein had built the houses and liens were being enforced against them the defendant could not be called upon to pay, under its policy until the amount of such liens had been ascertained, for until then the extent of its liability upon its own covenants could not be fixed. But the covenant on which the plaintiff rests this action is that in which the defendant undertakes to be liable to the extent of two thousand dollars for the performance of the building contract by Klein. The breach alleged is the total failure on his part to build at all. The damages claimed are the two thousand dollars paid in advance for which the plaintiff has received nothing. The learned judge of the

court below held correctly that as the case stood at the close of the evidence the plaintiff was entitled to recover. The rejection of the offer to show the value of the lots upon which these houses were to be erected, furnishes no ground for reversal. The value of the lots was not a relevant subject. The plaintiff was suing to recover its advance payment made upon the security of the defendant's undertaking, guaranteeing full performance by Klein of his contract. It was conceded that he did not perform. The value of the lots was unimportant and immaterial therefore to the defense, and the evidence offered was properly rejected. The plaintiff is entitled to have its bonds returned to it, or if that cannot be done, to be reimbursed for its loss. The order made by the learned judge of the court below fixing the amounts due to the persons now in possession of said bonds **and providing** for their assignment was equitable, and should have been accepted by the defendant. It may yet furnish a basis upon which the rights of the respective parties may be adjusted.

The assignments of error are overruled and the judgment is affirmed.