# Folz v. Tradesmen's Trust and Saving Fund Company, Appellant.

*Contract—Parties—Performance.*

Parties are of the essence of a contract as much as is the subject-matter, and in order that there may be identity, not only must the subject-matter be the same, but the parties must be the same; and when a bond prescribes in its condition the completion of a contract entered into between the principal in the bond and another, it is of the essence of the condition that the contract should be completed by the party to the contract, either directly or by some one acting in the right of that party and for such party.

*Principal and surety—Interest.*

A surety is responsible for interest not from the date of the actual default by the principal, but from the time when demand for payment has been made on the surety.

*Contract—Performance of contract—Liability of surety.*

A trust company became surety on a bond to plaintiff, a creditor, who had advanced money to a contractor, the condition of which was that a contract with a municipality should be completed by the contractor. The trust company was also surety on another bond to the municipality that the contractor should complete the contract. The latter failed to do so and the surety did so under its bond to the municipality. *Held*, that though it had done so at a loss greater than the penalty in the bond to plaintiff, it was nevertheless liable to him.

Argued Jan. 15, 1902. Appeal, No. 340, Jan. T., 1901, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1899, No. 1003, dismissing exceptions to referee's report in case of Leon H. Folz v. The Tradesmen's Trust and Saving Fund Company and F. J. Amweg. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Exceptions to report of Richard C. Dale, Esq., referee.

The referee's report was in substance as follows:

### FINDINGS OF FACT.

The defendants executed a bond in favor of the plaintiff reciting that Amweg had a contract with the city of Philadelphia for the building of the annex to the Boys' High School, and that defendants had become surety to the city for the faithful performance of the conditions upon the part of the said Frederick J. Amweg, the condition was expressed in these words:

"Now the condition of this obligation is such, that if the said contract so entered into as aforesaid between the said Frederick J. Amweg and the city of Philadelphia shall be completed so far as the same relates to the period when the second payment on account of said contract, to wit, Thirty-seven thousand eight hundred and seven and 42/100 Dollars ($37,807.42) shall become due and payable by the terms and conditions of the said contract, then this obligation to be void or else to be and remain in full force and virtue."

The consideration of the bond upon which suit is brought as between the plaintiff, Leon H. Folz, and Frederick J. Amweg, the principal in said bond and one of the defendants, was a loan of money made by Folz to said Amweg, the payment of which loan the bond was intended to secure.

Under date of March 9, 1896, Frederick J. Amweg executed to the Tradesmen's Trust and Saving Fund Company a writing reciting the making of the agreement with the city of Philadelphia, the fact that the Tradesmen's Trust and Saving Fund Company was his surety, that the time for the completion of the building had expired and the surety had been notified by the board of education on the part of the contractor, in consideration whereof Amweg assigned to the trust company all his

right, title, interest, claim and demand in and to the articles of agreement, and appointed the tradesmen's company his attorney to receive all moneys due or thereafter to become due under said contract.

Under date of May 19, 1896, the committee on property of the board of education adopted a resolution as follows :

" Whereas, Frederick J. Amweg, the contractor for the erection of the Richmond & Ontario Street School building, and the Annex to the Boys' High School building, has failed to fulfill his contracts for the erection of said buildings, whereby he has forfeited all rights under said contracts ; and, whereas, the Tradesmen's Trust and Saving Fund Co., sureties for said Amweg, have offered and undertaken on their own behalf to fulfill said contracts, and the board of public education has accepted said Trust Company as substitute for said Amweg in the performance of said contracts, and has agreed, if said Trust Company properly completes said buildings in accordance with the provisions of said contracts, to pay to them the amounts agreed upon in said contracts to be paid for the erection of said buildings; now resolved that by reason of said Amweg's forfeiture of all rights under said contracts that the Secretary of the Board of Public Education be instructed to draw no warrants for work in the erection of said buildings to or in favor of said Frederick J. Amweg, but all such warrants shall when drawn be drawn to the order of said Tradesmen's Trust & Saving Fund Co., so as aforesaid substituted in place of said Amweg."

Finally, the work having been done, the Tradesmen's Trust and Saving Fund Company received from the city the sum of money which was payable for the completion of said work, but the amount was $22,766.11 less than the defendants had paid for finishing the work prescribed by the contract.

OPINION.

The question in this case is a very narrow one. It requires a determination of the meaning of the words contained in the condition of the bond in suit, and particularly of the words :

" If the said contract so entered into as aforesaid between the said Frederick J. Amweg and the city of Philadelphia shall be completed .... then this obligation to be void."

On behalf of the defendant it is contended that the meaning is, if the work was done and the materials furnished, which by the terms of the contract the city of Philadelphia were entitled to demand should be done or furnished, that then the contract was completed.

In support of this view the defendant suggests, with some apparent force, that if Amweg had died and the contract had been completed by Amweg's executors or administrators, or that if Amweg, through a subcontractor or agent, had made provision for the doing of the work, that then the condition of the bond would have been performed.

The referee has no doubt that if the work had been done in either of the methods above suggested, that the contract would have been completed as required by the condition of the bond. There is a manifest distinction, however, between the cases suggested by the hypothesis of the defendants and the case disclosed in the findings of fact. In the hypothetical cases the work is done by some one who acts in the right of or on behalf of Amweg. There is an absolute privity of relation between Amweg as contractor, and his executor or administrator, subcontractor or agent. By operation of law the contract bound Amweg's personal representativ es, although they are not expressly named therein, and in the event of Amweg's death such personal representatives would have had the right to complete the work and receive the price prescribed by the contract. So also in a case where performance by a subcontractor is not prohibited by the terms of the contract, the work done by such subcontractor in contemplation of law is done by the principal contractor. Such, however, is not the aspect of the facts disclosed by the evidence and set forth in the referee's findings of fact. Amweg failed in the performance of his contract and ceased operations. The work subsequently done by this defendant was done under an arrangement made between the board of education and the defendant. Such new arrangement was based upon the completion of the work in accordance with the terms and specifications of the Amweg contract, but in its legal aspect a new contractual relation was established between the board of education and this defendant of which the principal terms were that the defendant would finish the work left uncompleted by Amweg in accordance with the specifications of the Amweg

contract, and would receive in payment for the work done by the defendant the sum of money remaining unpaid under the Amweg contract.   The completion of the contract must not be confounded with the completion of the work described in a particular contract.   Parties are an essential part of a contract, which is an agreement between two or more persons to do or not to do a particular thing.   Parties are of the essence of a contract as much as is the subject-matter, and in order that there may be identity, not only must the subject-matter of the contract be the same, but the parties must be the same, and when the bond in suit prescribed in its condition the completion of the contract entered into between Amweg and the city of Philadelphia, it was of the essence of the condition that the contract should be completed by the parties to the contract, either directly or by some one acting in the right of that party and for such party.

It is also suggested on behalf of the defendant that if Amweg had finished all but $1.00 worth of the work, that the defendant under the construction of the bond contended for by the plaintiff, could not have escaped liability by doing that work.   It does not seem to the referee that this illustration is apposite.   Under such circumstances the failure to do $1.00 worth of work by Amweg and the subsequent doing thereof by the defendant would seem to the referee to justify a finding that in fact the work had been completed by Amweg or in his right. The essential distinction arises upon the finding of fact that in the present case Amweg failed in his performance of the contract, abandoned the work, and left it in a wholly incomplete condition, and that the work was subsequently done, not in the right of Amweg, but under what, in law, was a new agreement between the board of education and the defendant.   It is doubtless true that in entering into the new arrangement the defendant was constrained so to do by the fact that as surety to the city for the performance of Amweg's contract, it was under heavy liability, and that it hoped to reduce its own pecuniary loss by itself doing the work, but it does not follow that this inducement to the defendant to complete the work prescribed in Amweg's contract thereby justified a finding that the work done by the defendant was done in the right of Amweg or operated in a legal sense to complete the contract entered into between said Amweg and the city of Philadelphia.

The referee therefore is of opinion and so finds, that there was a breach of the condition of the bond given by the defendant to the plaintiff. In reaching this conclusion the referee rests his finding simply upon the terms of the bond and the admitted facts of the case as set forth in the foregoing findings of fact.

It was suggested on behalf of the plaintiff in view of the case of Folz v. Amweg and the Merchants' Trust Company, 191 Pa. 157, that unless the plaintiff's ʾcontentions were sustained, he relied upon a vain instrument in lending upon .the security of the bond the money which it appears he did lend to Amweg. The referee has felt it his duty to disregard all such consideration in the determination of the case. It is true that if defendant's contention were sustained the plaintiff did rely upon a vain security, but if the language of the condition, properly construed, should result in leaving the plaintiff without right of recovery against either the Merchants' Trust Company or the defendant, that would be his misfortune against which the law could not aid him. For the reasons already set forth, however, the referee is of opinion that a proper construction of the language of the bond itself necessitates the conclusion that there has been a breach of its condition and that the plaintiff is⁻ entitled to recover the amount of the bond with interest from March 9, 1896.

In the opinion of the referee the case is one of seeming hardship whichever way it should be decided. In either event the losing party suffers a loss equal to the amount of the judgment without fault on their part. Under such circumstances the loss must fall on the party who, upon a strict construction of the instrument itself, has assumed a legal liability for the payment.

The referee therefore reports that judgment should be entered for the plaintiff and against the defendant for the sum of $20,000, with interest from March 9, 1896, until the day when the judgment is entered.

In a supplemental report the referee found as follows:

In the early part of March, 1896, the plaintiff, hearing that Amweg would not be able to complete his contract, called upon W. Spence Harvey, the vice president of the corporation defendant, and had a conversation with him with reference to the sit-

uation.    At this conversation the liability of the defendant, and
also of the Merchants' Trust Company, upon the bond given to
the plaintiff in the same transaction and which was the subject
of the litigation which is reported in the case of Folz v. Mer-
chants' Trust Company, 191 Pa. 157, was discussed.    Mr.
Harvey took the position that under the circumstances of the
case his company was not liable upon the bond given.    This
position of Mr. Harvey was not admitted by Mr. Folz, the plain-
tiff.    Under the advice of counsel, Folz brought an action on
the bond given by the Merchants' Trust Company to Septem-
ber term, 1896, and proceeded therein until on April 24, 1899,
the final judgment of the Supreme Court was entered, in which
it was determined that the Merchants' Trust Company was not
liable to the plaintiff on that bond.    While the evidence shows
that Folz, by proceeding against the Merchants' Trust Company,
disclaimed any intent to waive any claim which he might have
against the Tradesmen's Trust Company on the bond given by
it, the evidence does not justify a finding that at any time prior
to the bringing of the present suit Folz made any demand upon
the Tradesmen's Trust Company for the present payment of the
amount of the bond.    On the contrary, under the advice of his
then counsel, he elected to prosecute his claim as against the
Merchants' Trust Company as the party whom counsel were of
the opinion were under obligations to make payment.

Upon the foregoing statement of the facts the referee reports
that the plaintiff is entitled to recover interest on the sum of
$20,000, being the amount fixed in the bond in suit, from the
date of the bringing of the suit, to wit: July 31, 1899, and that
the report heretofore filed should be modified in this respect.
The question seems to be distinctly controlled by the opinion
filed by the learned president of the court, which was adopted
as the opinion of the Supreme Court in Pennsylvania Co. v.
Swain, 189 Pa. 626.    The principle there decided seems to be
that the surety is responsible for interest, not from the date of
the actual default by the principal, but from the time when de-
mand for payment has been made on the surety.    By this the
referee understands that it is not sufficient for a party holding
a bond of a surety to assert that a liability exists under the
bond which at some future day he may see fit to enforce.    In
order that there may be such default in payment by the surety

as to create a basis for the running of interest, the surety must have been required by the creditor presently to make payment ; either such formal demand for payment as evidences an intent to require payment forthwith, or some other action taken by the creditor which is equivalent thereto and which places the surety in a position of failing on his part to comply with a present and matured obligation to pay. Until some such occurrence has taken place, the referee understands the rule to be that interest does not begin to run as against the surety.

For these reasons the referee is of opinion that the report heretofore filed should be modified, and that the plaintiff is entitled to have judgment entered for the sum of $20,000 with interest from July 31, 1899.

Exceptions to the referee's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to report of referee.

*Alex. Simpson, Jr.*, with him *Francis Shunk Brown*, for appellant.—The liability of a surety is strictissimi juris : American Telegraph Co. v. Lennig, 138 Pa. 602.

*John G. Johnson*, with him *Samuel P. Tull*, for appellee.

PER CURIAM, February 24, 1902 :

The report of the learned referee was confirmed by the court below and on it we affirm the judgment.