Opinion of Court below—Opinion of the Court. [262 Pa.

the part of the debtor. The whole matter remained quiescent from May 28, 1888, when the judgment was last revived, until after the death of Jacob B. Rissler, in 1915. It is true that, about five years after the amicable revival, Jacob B. Rissler became the executor of his wife's will; but this fact does not appear to have changed the situation. It is also true that, about fifteen years after Mrs. Rissler's decease, John Line, the trustee, died, and no one was appointed in his place. The omission, however, to take such action does not seem to me, under the authorities, to have taken away from Jacob B. Rissler his right under the law to claim the presumption of payment after the statutory period had passed, and, if this be true, the same principle applies in favor of his legal representatives. I am, therefore, of the opinion that the plaintiff is not entitled to recover in this case.

Verdict for plaintiffs for $4,750; the lower court subsequently entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned,* among others, was in entering judgment for defendant non obstante veredicto.

*B. F. Davis,* for appellant.

*J. E. Malone,* with him *Joseph T. Evans,* for appellee.

PER CURIAM, July 17, 1918:

This judgment is affirmed on the opinion of the learned court below making the rule for it absolute.

---

## Penniman et al., Appellants, v. Hoffman et al.

*Equity—Building restrictions—Garage—Residential district—Decree.*

Where in a suit in equity to enjoin defendants from erecting a garage in alleged violation of a building restriction providing that "no......livery stable or other building for offensive occupation

shall at any time hereafter be erected or used upon any part of the aforesaid lot of ground," a preliminary injunction was granted, prohibiting defendants from using or permitting the use of any of the buildings described in the bill for the purpose of a public garage or storage house for automobiles; and thereafter defendants continued the erection of the buildings complained of, the court made no error on final hearing in refusing to decree the removal of the buildings, as the character of the architecture of the building erected upon the land was one over which the court could not exercise supervision; it could only act when the use to which the building was put became offensive.

Argued June 12, 1918. Appeal, No. 373, Jan. T., 1917, by plaintiffs, from decree of C. P. No. 3, Philadelphia Co., June T., 1916, No. 4758, refusing prayer of bill in equity for removal of building in case of James H. Penniman, Josiah H. Penniman, William G. Foulke, Lillie B. McGonigal, Wallace Gill, Elizabeth Gill and Henry Hamilton Palairet, Lionel Charles Hamilton Palairet and Charles Michael Palairet, Trustees Under Deed of Marriage Settlement of Mary Ann Hamilton Palairet, v. Joseph B. Hoffman and James D. Killen and John T. Carmichael, Trading as Killen & Carmichael.   Before BROWN, C. J., MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity to restrain the erection of garage building.   Before FERGUSON, J.

From the record it appeared that plaintiffs and defendants held their respective properties subject to the following covenant and restriction: "And subject also to the express condition and agreement that no slaughter house, skin-dressing establishment, hose or engine house, blacksmith shop, carpenter shop, glue, starch, soap or candle manufactory, livery stable or other building for offensive occupation shall at any time hereafter be erected or used upon any part of the aforesaid lot of ground."

The lower court found that the neighborhood immediately surrounding the property upon which the building

was erected was exclusively residential in character. The defendants' premises were Nos. 4317 and 4319 Walnut street, Philadelphia. The plaintiffs were owners of property in the same block.

The opinion of the Supreme Court further states the case.

The lower court entered a decree perpetually restraining defendants from using or permitting others to use the buildings on the lots in question for the purpose of a public garage or storage house for automobiles. Thereafter the defendants continued the erection of the building having such appearance. The lower court refused to decree the removal of the building. Plaintiffs appealed.

*Error assigned* was the decree of the court.

*Ira J. Williams,* of *Brown & Williams,* with him *Charles L. Guerin,* for appellants.

No argument was made in behalf of the appellee.

Per Curiam, July 17, 1918:

The final decree in the proceedings instituted against the appellees enjoined them from using, or permitting any one to use, any buildings on the lots described in the bill "for the purpose of a public garage or storagehouse for automobiles," and the mandatory order asked for by appellants was properly refused for the following reason given by the learned court below: "Between the time of the grant of the preliminary injunction and the final hearing, the defendants had proceeded with the erection of the building substantially without change from the one originally projected. It bears all the appearance of a building erected for use as a public garage. The plaintiffs have requested the court to conclude as a matter of law that, the buildings having been erected in violation of the terms of the injunction, the court should now require the same to be removed. With this view we

cannot concur.   The character of the architecture of the building erected upon the tract of ground is one over which this court may not exercise supervision.   It is only when the use to which the building is put becomes offensive that this court may act."

Decree affirmed at appellants' costs.