Purdy *v.* Massey et al., Appellants.

Argued December 1, 1931. Before Frazer, C. J.,
Walling, Simpson, Kephart, Schaffer, Maxey and
Drew, JJ.

*C. Brewster Rhoads,* with him *Lucien B. Carpenter*
and *Edgar W. Lank,* for appellant.—Plaintiff has no in-

terest in the present cause of action, and is, therefore, not entitled to recovery: Blue Star Nav. Co. v. Coal Mining Corp., 276 Pa. 352.

In view of the injunction, neither the principal nor the surety can be held liable for the failure to construct the garage building.

Plaintiff has not shown any breach of contract on the part of the principal, and hence there is no liability in this case.

The court below erred in allowing plaintiff to recover the estimated cost of construction of the garage building.

The proper measure of plaintiff's damages is so much of the difference between the value of the property in its uncompleted state, and the value it would have had if the contract had been completed, as would be necessary to pay the mortgage debt and the interest thereon: Bussy v. Donaldson, 4 Dallas 206; Keck v. Bieber, 148 Pa. 645; Montgomery Co. v. Ambler-Davis Co., 302 Pa. 333; Emery v. Boyle, 200 Pa. 249.

The decision in the case of Mechanics Trust Co. v. Fidelity Casualty Co., 304 Pa. 526, does not govern the case at bar.

The measure of damages is the same whether the bond is one of indemnity or one of guaranty: Wheeler v. Trust Co., 206 Pa. 428; Folz v. Trust & Savings Co., 201 Pa. 583; Montgomery Co. v. Ambler-Davis Co., 302 Pa. 333.

*Walter Lee Sheppard,* of *Foulkrod, Sheppard, Porter & Alexander,* with him *Forrest N. Magee,* for appellee.— The bond in suit is one of guaranty, not indemnity: Mechanics Trust Co. v. Fidelity & Casualty Co., 304 Pa. 526; Weightman v. Trust Co., 208 Pa. 449; Equitable Trust Co. v. Surety Co., 214 Pa. 159.

The complete breach of the bond was clearly established.

The correct measure of damages was the cost of doing the thing stipulated to be done, namely, the cost of completion: Mechanics Trust Co. v. F. & Casualty Co., 304 Pa. 526; Equitable Trust Co. v. Surety Co., 214 Pa. 159; Wheeler v. Trust Co., 206 Pa. 428; Folz v. Trust & Savings Fund Co., 201 Pa. 583; Phila. v. F. & Dep. Co., 231 Pa. 208.

The sum stipulated to be paid in the bond here in suit was intended to be liquidated damages and not a penalty: Sokoloff v. F. & Casualty Co., 288 Pa. 211; Wicker v. Happock, 6 Wall. 94; Union Trust Co. v. Trust Co., 185 Pa. 217; Com. v. Froelich, 56 Pa. Superior Ct. 604; Ambridge Boro. v. Ry., 234 Pa. 157.

The injunction, restraining the use of the mortgaged premises as a public garage, did not relieve appellants from their obligation to complete the building: Penniman v. Hoffman, 262 Pa. 100; Coyne v. Prichard, 272 Pa. 425, 428; Jacobs v. Mingle, 278 Pa. 250.

Impossibility of performance does not relieve from payment of damages where the contract has been executed by the other party: Rooks v. Seaton, 1 Phila. 106; Ladner v. Siegel, 298 Pa. 487; Nesbit v. Riesenman, 298 Pa. 475.

The appellee, as legal plaintiff, is entitled to maintain this action for herself and any other person beneficially interested, disclosed or not disclosed: Palmer v. Bldg. Assn., 101 Pa. Superior Ct. 370; Ruth-Hastings G. T. Co. v. Slattery, 266 Pa. 288.

OPINION BY MR. JUSTICE DREW, February 3, 1932:

The basic question in this case is whether or not the bond in suit is one of guaranty or indemnity. The action is assumpsit on a completion bond; the lower court held it to be a guaranty, and the measure of damage thereon to be the cost of completion. These rulings were excepted to, and after judgment was entered on the verdict, they were assigned as error, and defendants appealed.

The facts are almost determinative of the issue, and are as follows: The plaintiff, Mrs. Elizabeth Purdy, sold to one Valentine Kulp, a straw man for Isaac Wood Massey, defendant, a piece of land in Philadelphia for $85,000; she received $25,000 in cash and a purchase-money mortgage, with bond, for the balance of $60,000. Massey intended to build a garage on the lot, and to finance the undertaking he induced plaintiff to subordinate her mortgage to another mortgage equal in amount to the cost of construction. She agreed to do so provided the building was completed or she received a bond guaranteeing completion. This arrangement was effected. Plaintiff subordinated her mortgage to a first mortgage placed with the Home Life Insurance Company for the contract price of the building, $80,000, after defendants, Massey as principal and Indemnity Insurance Company of North America as surety, had given their bond for $60,000, the amount of her mortgage. This bond, after reciting the facts, provided that if Massey should "complete the building mentioned free and clear of mechanics' liens or claims, then this obligation shall be void; otherwise to be and remain in full force and effect."

The garage was never built. Some neighbors objected to a public garage at that place, filed a bill in equity, and secured an injunction restraining Massey and Kulp "from using or operating or permitting to be used or operated as a public garage or automobile sales and service station ...... any ...... building ...... erected on said lot." Massey and Kulp then refused to erect the building. The defendants were immediately notified and demand made upon them to perform the obligation of their bond. They declined to do so, the Home Life Insurance Company foreclosed its mortgage on account of nonpayment of interest, a sale was had, and the plaintiff's second mortgage was wiped out. She has received nothing on account of interest or principal due her on the mortgage given by Kulp, and the judgment which plaintiff has entered against him on the bond which the

mortgage was given to secure is worthless, and nothing can be recovered thereon. Unless plaintiff can recover on this bond she will have received $25,000 for the property which she sold for $85,000, and she will have suffered a loss of $60,000 and interest thereon through no fault of her own. She no longer has her property or her mortgage, and she has now brought suit against defendants on their bond.

Is this bond one of guaranty or merely an indemnity against loss? "The distinction between the two agreements is simply that between an affirmative covenant for a specific thing, and one of indemnity against damage by reason of the nonperformance of the thing specified": Weightman v. Union Trust Co., 208 Pa. 449. In answering this question, the language of the bond itself should first be considered. If it is plain and unambiguous that the covenant is to do a specific thing, as for instance the erection of a building (Equitable Trust Co. v. National Surety Co., 214 Pa. 159; Trainor Co. v. Ætna Casualty & Surety Co., 49 Fed. (2d) 769) there can be no doubt that the bond is one of guaranty. The covenants in a bond "should be construed to mean what the parties intended in so far as that intention can be ascertained by the words used": Equitable Trust Co. v. National Surety Co., supra. If, however, the language is not free from doubt, then the circumstances surrounding the making of the bond, and particularly the purpose for which it was given, should be taken into account: March v. Allabough, 103 Pa. 335; Ambridge v. P. & B. St. Ry. Co., 234 Pa. 157. In this case such considerations lead to but one conclusion—that this bond was an absolute undertaking to erect and complete the building.

This bond is to be construed most strictly in favor of the plaintiff. The obligor, Indemnity Insurance Company of North America, is a paid surety engaged in the business of furnishing bonds for profit; we have frequently held that in cases of corporate sureties, the bond is to be strictly construed in favor of the obligee: Young

v. American Bonding Co., 228 Pa. 373; South Philadelphia State Bank v. National Surety Co., 288 Pa. 300, and cases there cited.

The condition of the bond is performance of a specific thing—completion of the building provided for in plans and specifications made a part of the bond—and the only alternative for performance is the bond itself. It is obvious, being clearly expressed by the words of the bond and the circumstances surrounding the transaction, that the intent of all concerned was to give plaintiff in lieu of her first mortgage the enhanced value of the real estate by the addition of the building, or failing that, its equivalent in money—not to exceed the face value of the bond. It can readily be seen that such an arrangement was a sound business transaction, and as events happened, a wise precaution for and by the plaintiff. In giving up her first lien on the property to help finance the building, she could not have protected herself in any better way.

That this is a guaranty bond, an affirmative covenant to complete the building in event of default by the principal, is firmly established by our cases: Janes v. Scott, 59 Pa. 178; Union Trust Co. v. Citizens' Trust Co., 185 Pa. 217; Folz v. Tradesmen's Trust & Saving Fund Co., 201 Pa. 583; Equitable Trust Co. v. Nat. Surety Co., supra. To the same effect see Trainor Co. v. Ætna Casualty & Surety Co., supra. Our recent case, Mechanics Trust Co. v. Fidelity & Casualty Co., 304 Pa. 526, is directly in point. There the bond recited that the principal had agreed to construct certain dwellings, and further that if the principal "shall well and faithfully perform his part of the agreement and erect said dwellings, then this obligation shall be void, otherwise to be and remain in full force and effect." We held this to be a guaranty bond, and on default, the surety was bound to take the place of the principal and erect the dwellings, and that the cost of doing that which it should have done was the measure of damage for which defendant was

liable. It follows that the bond in suit is an absolute undertaking to erect and complete the building, and defendants having failed to keep their obligation are liable for the loss plaintiff sustained, not exceeding the amount of the bond.

In regard to the measure of damage, the court below required the plaintiff to show the cost of erecting the building contemplated in the contract. The estimates of the witnesses ranged from $45,000 to $70,000, and the court instructed the jury that if they found the fair cost to be more than $60,000, they could not give a verdict in excess of that sum because such was the amount of the bond. The verdict was for $60,000 with interest. In fixing compensation for damage resulting from breach of a contract the general rule is that the injured party should be placed in the same position as if there had been no breach. The object of the law is to place such party in as good position as if the contract had been kept. In the instant case the bond guaranteed the completion of the building; if there had not been a breach of the obligation of the bond, the building would have been erected. Since this was not done, the plaintiff can only be put in as good position as if the contract had been carried out by giving her the cost of construction, not exceeding, of course, the amount of the bond. The measure of damage on a bond guaranteeing completion is the cost of completion: Equitable Trust Co. v. National Surety Co., supra; Mechanics Trust Co. v. Fidelity & Casualty Co., supra; Board of Education v. Maryland Casualty Co., 27 Fed. (2d) 20. And in a case such as this, where the work was never begun, this cost will be the whole cost of construction.

Defendants contend that the injunction issued against Kulp and Massey was a sufficient legal excuse and justification for their failure to erect the building. It is their only excuse, and it is neither legal nor sufficient. An examination of the decree shows that they were restrained only from operating a public garage on the

premises; not one word was said against the construction of this or any other building on the property. They could have erected any kind of building, the decree only prohibited them from using whatever building might be erected as a public garage. The precise question was passed upon in Penniman v. Hoffman, 262 Pa. 100. There a decree was issued enjoining the use of a proposed building as a public garage. The building was completed substantially without change from the original plans, and this court held that it was proper for the lower court to refuse to order its removal, inasmuch as the prohibition went only to the offensive use of the structure, and not to the character of its architecture.

It is also contended by defendants that the plaintiff has no interest in the present cause of action, and is therefore not entitled to recover. At the trial an offer was made to show that plaintiff has no financial interest in the property or in the mortgage. An objection to this offer was sustained by the court, which action is assigned as error. The offer was properly refused; it was not within the issues framed under the pleadings, not having been pleaded as a defense: Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa. 288. In addition, she is the legal plaintiff, and as such has the right to sue, and whether or not an assignment was made by her is immaterial: American Mfg. Co. v. Morgan Smith Co., 25 Pa. Superior Ct. 176. It can be no concern of defendants, certainly can in no way affect their rights, if recovery is had in the name of the legal plaintiff: Berks Co. v. Levan, 86 Pa. 360. The result in either event is an adjudication of the issue: Adams v. Edwards, 115 Pa. 211; C. H. Hardy Auto Co. v. Posey, 50 Pa. Superior Ct. 399. The suit was brought in the name of the person with whom defendants contracted and her right alone is in question: Guaranty Trust & Safe Deposit Co. v. Powell, 150 Pa. 16. So long as the bond held by the plaintiff represents value, it is immaterial whether plaintiff is acting in her own right or as the nominee of some-

one else.  This is a matter with which defendants have no concern.

The assignments of error are overruled and the judgment of the court below is affirmed.

DISSENTING OPINION BY MR. JUSTICE KEPHART:

My objection to the majority opinion relates solely to the rule relating to the measure of damages which is there adopted and based on Mechanics Trust Co. v. Fidelity Casualty Co., 304 Pa. 526, as controlling.

While there is a distinction between indemnity and guaranty bonds, it is not important where only the measure of damages is involved.  Under either contract the rule as to damages is compensation for the loss suffered. In one it is payable only when the insured actually sustains and has paid a loss; in the other, the compensation is recoverable immediately when a loss occurs; but the rule or standard for the ascertainment of the amount of liability is the same under both contracts.  In other words, the nature of the bond will not affect the measure by which damages or loss is to be ascertained.

The majority opinion states: "The condition of the bond is performance of a specific thing......and the only alternative for performance is the bond itself." This cannot be correct if it means that in case the building is not completed, no matter to what extent, the surety will be liable for the penal sum of the bond; the penal sum merely limits the surety's obligation, which is to reimburse the obligee for the actual damage which he has suffered or may suffer: Keck v. Bieber, 148 Pa. 645; Montgomery Co. v. Ambler-Davis Co., 302 Pa. 333; or compensate him for actual loss.  The opinion further states: "It is obvious......that the intent of all concerned was to give plaintiff in lieu of her first mortgage the enhanced value of the real estate by the addition of the building, or failing that, its equivalent in money." It may be and no doubt was the intention to enhance the value of the real estate by the addition of the building,

but it does not follow that the value of the land plus the completed building would equal or surpass the indebtedness on the first and second mortgage and thus afford adequate security for the second mortgagee; nor does the completion bond undertake that it will be tantamount to "its equivalent in money." The only logical inference is that of an intention to strengthen her security by the addition of the building.

The value of mortgagee's security is not to be arrived at, as appellee seems to think it was bound to be, by treating the property as in a completed state, and separating the various parts of the land, i. e., the lot and this building, placing a value on the latter. Nor was the agreement to construct the building additional security beyond insuring or guaranteeing payment of the full amount of the secured mortgage, if the cost of completion equaled that sum. Suppose the completion bond covered both contracts, what would be the rule as to damages when, as here, the property sold for less than the first mortgage? But in any event the first mortgage might require for its satisfaction the entire value of the property with the building in a completed state, and thus utterly destroy the property's value as a security to the second mortgage. The bond, under such circumstances, would be for the protection of a nonexistent interest; and no injury could possibly be said to have resulted from the contractor's default, so as to give rise to a claim for more than nominal damages.

The rule of cost of completion as a measure of damage is undoubtedly correct where the obligee of the bond is the owner and not the mortgagee. The owner is, of course, entitled absolutely to the premises in the state in which it has been agreed they should be placed, viz. a lot with a completed building. In this situation, there is considerable authority supporting the rule: Union Indemnity Co. v. Vetter, 40 F. (2d) 606; Boise City v. National Surety Co., 165 Pacific 1131; Haney v. Ferch, 150 Minn. 323, 185 N. W. 397; Elmohar Co. v. People's

Surety Co. of New York, 217 N. Y. 289; Watters v. London & Lancashire Ind. Co., 76 Pittsburgh L. J. 605; Gleason v. Smith, 9 Cushing 484.

In this case, however, the obligee of the surety's undertaking is not the owner of property, but a mortgagee, and a different rule is and should be applied, as the mortgagee's interest is different, and his loss occasioned by a failure to complete is likewise different. The owner is entitled to have his building as contracted for, but the mortgagee has no such contract as will entitle him to enforce such liability. The mortgagee has no interest in the property as such, (it is only security for his debt) ; and the fact that a bond is given guaranteeing completion of a certain building upon it, adds nothing to this status nor does it alter or increase the holder's rights under his mortgage with respect to that property, though it may add to his security. The mortgagee has an interest in the property only in so far as the property stands as security for his debt, beyond this, he has no further interest. All he is entitled to in any case is full and adequate security for the sum he has advanced, and it is difficult to see how he can become entitled to anything more than this by virtue of the surety's undertaking as noted in the completion bond under consideration. The court below having taken as the measure of damages the cost of completion was, in my opinion, in error. It may often be that an incompleted structure will be of sufficient security value to protect the mortgagee, or that the land itself may be sufficient for this purpose. It seems plain that in such a case it could not be laid down as a rule that the mortgagee, who is adequately protected, would, by virtue of his bond, be entitled to collect what it would cost to construct the building in its entirety no matter to what extent it might be incompleted.

The correct measure of damage is the loss on the security value of the mortgage caused by the failure to complete. Here appellee's measure of damage is the dif-

ference between the value of the land without the building or the building in any state of completion, and the value with the completed building thereon, less the first mortgage; recovery being, of course, limited to the loss thus established on appellee's mortgage. See German-American Title & Trust Co. v. Citizens' Trust & Surety Co., 190 Pa. 247, where the owner of ground rents (a party with an interest quite similar to that of a mortgagee) brought suit for breach of a completion bond. The lower court allowed him as damage, not the cost of the completion of the building, but rather the loss in the value of his ground rents. In affirming that decision, Justice FELL said: "The jury were limited to the actual loss in the value of the ground rents, not exceeding the amount of the insurance, and were instructed that that loss would be represented by the difference in the market value of the ground rents if the buildings had been completed as provided by the agreement, and their value with the buildings in the uncompleted state in which they were left. We know of no better rule than this in such a case, and of none more just to the defendant." Wheeler v. Equitable Trust Co., 221 Pa. 276, supports this view. The contract in that case was held to be one of indemnity, but as explained above the rule for ascertainment of damages should be the same whether the contract is one of indemnity or guaranty.

This question has been admirably discussed and this conclusion reached by Judge KIRKPATRICK in Trainor Co. v. Ætna Casualty & Surety Co., 49 F. (2d) 769. So too, in Province Securities Corp. v. Md. Casualty Co., 269 Mass. 75, 168 N. E. 252, the conclusion is, "The measure of damages is to be based on the difference in the value of the property as security arising from failure to comply with the conditions of the bond." See also Norway Plains Savings Bank v. Moors, 134 Mass. 129; and Longfellow v. McGregor, 61 Minn. 494, to the same effect.

In the light of the foregoing discussion and on the authority of the cases cited, I would reverse the lower court.