GATES, P. J.,
— Plaintiffs ask us to enjoin an intended use of defendant’s property on the ground that it would constitute a violation of a restriction in the title deeds.
The issue is raised by defendant preliminarily objecting in the nature of a demurrer to plaintiffs’ complaint in equity.
Plaintiff and defendant are presently the owners of property situate in the City of Lebanon, Lebanon County, Pa., and their titles ultimately emanate from a common owner who imposed a substantially common restriction in the deeds as follows:
“The use of the premises herein conveyed shall be restricted to the erection and maintenance thereon of *715 dwelling houses only of other than frame construction, which said dwelling houses shall not extend nearer than twenty five feet (25') to the building line of the street or streets on which said dwelling houses front; not including bay windows and porches, provided that the said restriction is waived over that portion of said premises extending ninety eight feet (98') from the rear, to the extent that a garage or garages may be erected thereon, if desired and that the restriction as to building back of the building line is also waived over this portion of the tract herein conveyed; and that the said grantors covenant and agree with the said grantee, his heirs and assigns, to hold all of the remaining portion of the premises of which this is a part, lying between Fourth Street and Cherry Street, and Union Street and Locust Street, as well themselves as all person or persons holding under him and them, or any of them, under and subject to the same restrictions as are herein imposed upon the premises conveyed.”
Plaintiffs complain that defendant, since acquiring title, has indicated an intention by a sign erected on the property that it intends to use the property for professional office facilities and/or hospital purposes, including, but not restricted to, a residence for nurses, hospital offices, leased doctors’ offices, etc. Plaintiffs contend that these intended uses are contrary to the deed restrictions and, therefore, ask us to permanently enjoin defendant from using the premises as intended. We disagree.
We arrive at our conclusion mindful of well-established and frequently reiterated legal principles which have been announced by our appellate courts and as they reflect the meaning of the American heritage in the field of real property law. First and foremost is the principle that restrictions on the use of land *716 are not favored by the law, because they are an interference with an owner’s free and full enjoyment of his property. We next proceed to the principle that nothing will be deemed a violation of the restriction that is not in plain disregard of its express words. We continue with the concept that we will not imply rights arising from restrictions contained in a deed. And, finally, every doubt and ambiguity in its language resolved in favor of the owner: St. Andrew’s Lutheran Church’s Appeal, 67 Pa. 512; Crofton v. St. Clement’s Church, 208 Pa. 209; McCloskey v. Kirk, 243 Pa. 319; Johnson v. Jones, 244 Pa. 386; Rohrer v. Trafford Real Estate Company, 259 Pa. 297.
It has been recognized in this Commonwealth that restrictions limiting the right of the owner of real estate to deal with his land as he may desire fall naturally into two distinct classes. The first consists of restrictions on the type and number of buildings to be erected thereon. The second deals with the subsequent use of such buildings. The restrictions of the first class are concerned with the physical aspects or the external appearance of the buildings. An owner, subdivider or developer may wish to control and restrict the aesthetic appearance of the neighborhood. He has a'number of ways in which he can accomplish this. He can restrict the type of building to be erected, the cost of the building, the materials to be used in the building, the place upon the lot where the building is to be erected, the number of buildings that can be erected; or, more drastically, he can require prior approval of the building plans before any building may be erected.
The restrictions in the second class deal with the purposes for which the buildings are used, the nature of their occupancy and the operations conducted therein as affecting the health, welfare and comfort of the *717 neighbors. Thus, in Pennsylvania at least, a building restriction and a use restriction are wholly independent of one another, and, in view of the legal principles we referred to hereinbefore, the one is not to be extended so as to include the other, unless the intention to do so is expressly and plainly stated: Jones v. Park Lane for Convalescents, 384 Pa. 268.
We are of the opinion that the Jones case controls the outcome of the present litigation. The particular restriction in Jones was as follows:
“That the said lot or piece of ground hereby granted shall be used only for the purpose of erecting thereon private dwellings and the appurtenances thereto and that not more than two such dwellings and the appurtenances thereto shall be erected thereon. Further that the cost of erection of each of such dwellings shall be not less than $10,000 and further that no stable or outbuilding shall be erected thereon within a distance of 150 feet of Wissahickon Avenue . . .”
In Jones, defendant proposed to use its property as a convalescent and nursing home and for that purpose to make the necessary interior alterations, although no external alterations, changes or additions were contemplated. This proposed use Jones sought to have enjoined. The Supreme Court held that the case presented a restriction that clearly fell within the class of those which are limited by their terms to the type of buildings to be erected on the land and not to their subsequent use. The court noted specifically, at page 274, that “. . . The restriction contains no statement or provision whatever as to the subsequent occupancy of the structures or the uses to which they might be devoted. The term ‘dwellings’ or ‘private dwellings’ is obviously employed in contradistinction to such types of buildings as stores, factories, hotels, assembly halls, and other structures.”
*718 Chief Justice Stem in the Jones case carefully analyzed prior decisions of the court wherein the distinction between building restrictions and use restrictions were considered. The theme of all his supportive cases appears to be that once having erected a dwelling house and no external changes in the appearance having been made or contemplated, the use to which the building is put is not a violation of the erection restriction.
We recognized that the language contained in the deeds in the instant case is not on all fours with the language employed in the deeds in the Jones case and the authorities cited therein. But the language employed in the instant deeds strengthens rather than weakens defendant’s position. We recognize that Jones was not a unanimous decision, and Justice Bell, now Chief Justice, dissented on the theory that the logical extension of the majority’s opinion would be that the owner of the servient tenement could within a month or a day after the erection of a private dwelling completely remodel the interior and exterior of the private dwelling and change it into a store or commercial building or any other building for that matter. That possibility has been precluded by the language used in the instant deed. The restriction here was to the erection and maintenance thereon of dwelling houses only. Defendant’s predecessor in title erected a dwelling house on the property. That dwelling house has been maintained. Plaintiffs do not complain that defendant intends in any way to alter the structure of the building, but they uige that by using the expression “maintenance thereon of dwelling houses only” is equivalent to an effective use restriction, and, therefore, the intended uses are violative of this covenant. But this is violative of the converse of the rule set forth in Hoffman v. Parker, 239 Pa. 398. There, a restriction against *719 erection of a certain type of building, for example, a store, was held not to prevent a building, which conforms to the restriction, in that case a dwelling, from being used as a store, for the restriction against the erection is not a restriction against the use: St. Andrew’s Lutheran Church’s Appeal, supra. The converse of this principle also has been ruled upon in Penniman v. Hoffman, 262 Pa. 100, where it was held that if a restriction is against only the use of a building for certain purposes, construction of a building cannot be enjoined, even though the use for which it is designed may be prohibited.
In simple language, if an owner, subdivider or developer intends to control both what is built on the land and how that is to be used, he should clearly prohibit both the erection and use in plain and unmistakable language, for the law will not imply restrictions or extend them beyond their plain prohibition.
Plaintiff partly concedes that Jones v. Park Lane for Convalescents, supra, controls this case. To the extent of their concession, they characterize the case as “illadvised and in time should be reversed.” That may very well be. However, plaintiffs do not contend that a Court of Common Pleas in Pennsylvania has the authority to reverse the Supreme Court of Pennsylvania. This is as it should be, and, furthermore, we should not accomplish that result by attempting to make distinctions which are meaningless.
Therefore, after a careful consideration of the briefs of counsel, we will enter the following
ORDER
And now, to wit, July 13, 1971, defendant’s preliminary objection in the nature of a demurrer is sustained, and the complaint is dismissed without prejudice.